## Smith v. Erie Ins. Group
*[Cite as 2 AOA 223]*

*Case No. CA-7903*
*Stark County, (5th)*
*Decided May 11, 1990*

*R.C. 2125.01*
*R.C. 3937.18*
*Civ. R. 17(A)*

*M. Gary Rosenblithe, 2200 Wales Road N.W., Massillon, Ohio 44646, For Plaintiff-Appellee.*

*William B. Shetler, 1963 Glamorgan Street, Alliance, Ohio 44601, Gregory A. Huber, 600 East Smith Road, Medina, Ohio 44256, Alicia M. Wyler, Catherine A. Pastore, 800 William R. Day Bldg., 121 Cleveland Ave., S. Canton, Ohio, 44702-1988, For Defendants-Appellants.*

MILLIGAN, J.
These two consolidated appeals are from merit declaratory judgments entered in the Court of Common Pleas of Stark County, Ohio,

upon the complaint of the personal representative of an intestate decedent against two separate insurance companies. They involve issues arising out of the Ohio wrongful death statute, R.C. 2125.01, and directly involve concepts of underinsured/uninsured motorists.

On September 8, 1986, Donna Jean Smith died from injuries she sustained three days earlier in an automobile collision with another vehicle.

Decedent is survived by her husband, daughter, mother, father, and four sisters. Only husband and daughter resided with decedent.

Decedent's husband, administrator of the estate of his wife, received $50,000 from the tortfeasor's insurance company, State Farm, and an additional $50,000 from Nationwide Mutual Insurance Company under a policy providing decedent and her husband underinsurance coverage.

These sums were received by Smith [decedent's husband] for the benefit of the statutory beneficiaries of Donna Jean Smith, Stipulation paragraph 14. These sums were distributed to Smith and his daughter, Tammy Smith, by order of the Stark County Probate Court in Case No. 126680, and with the consent of all of the beneficiaries, Stipulations, paragraph 14.

Trial Court's "Opinion and Judgment," May 23, 1989.

Husband-Administrator here seeks a declaration that sisters and parents of his deceased wife have survivor benefits as a result of other insurance contracts such sisters and parents have with their own insurance companies, defendants-appellants.[1]

Relying on *Wood v. Shepard* (1988), 38 Ohio St. 3d 86, 526 N.E. 2d 1089, the trial court ordered defendant-insurance companies to proceed with arbitration to determine the amount of benefits. Only Erie Insurance Group and Nationwide Mutual Insurance Company appeal.

The Erie Insurance company assigns four errors as follows:

I. THE TRIAL COURT ERRED IN FINDING THAT WILMA J. CLARK IS ENTITLED TO ERIE INSURANCE GROUP'S UNDERINSURED MOTORISTS COVERAGE WHERE WILMA J. CLARK DID NOT SUSTAIN BODILY INJURY IN THE ACCIDENT THAT RESULTED IN DONNA. J. SMITH'S DEATH.

II. THE TRIAL COURT ERRED IN FINDING THAT WILMA J. CLARK IS "UNDERINSURED."

III. THE TRIAL COURT ERRED IN DETERMINING THAT ERIE INSURANCE GROUP CANNOT SETOFF FROM ITS COVERAGE LIMIT, ALL AMOUNTS PAID TO THE ESTATE OF DONNA J. SMITH FROM STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND FROM NATIONWIDE INSURANCE COMPANY.

IV. THE TRIAL COURT ERRED IN DETERMINING THAT WILMA J. CLARK IS ENTITLED TO ADDITIONAL COVERAGE WHERE THE "OTHER INSURANCE" CLAUSE PRECLUDES RECOVERY IN THE CASE AT BAR.

Nationwide styles four assigned errors as follows:

I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT PLAINTIFF WAS ENTITLED TO RECOVER CERTAIN UNDERINSURED MOTORIST BENEFITS ON BEHALF OF THE PARENTS OF DONNA JEAN SMITH, SHIRLEY AND WILLIAM OSBORNE, FROM THE NATIONWIDE INSURANCE POLICY WHICH HAD BEEN ISSUED TO SHIRLEY AND WILLIAM OSBORNE.

II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT THE OSBORNES WERE ENTITLED TO UNDERINSURED MOTORISTS BENEFITS UNDER THE OSBORNE POLICY WITH NATIONWIDE, AS THE OHIO WRONGFUL DEATH STATUTE PROVIDES FOR ONLY ONE CAUSE OF ACTION. THE CASE OF *WOOD V. SHEPHERD*, 38 OHIO ST. 3D 86 (1988), SHOULD BE RECONSIDERED AND REVERSED.

III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT THE PARENTS OF THE DECEDENT, SHIRLEY AND WILLIAM OSBORNE, WERE UNDERINSURED.

IV. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT THE AMOUNTS PAID BY THE TORTFEASOR'S INSURANCE AND PAID BY THE DECEDENT'S UNDERINSURED MOTORISTS POLICY TO THE ESTATE OF DONNA JEAN SMITH COULD NOT BE SET

OFF AGAINST THE LIABILITY ON SHIRLEY AND WILLIAM OSBORNE'S POLICY.

We reverse the declaratory judgments and enter final judgment dismissing the complaints for two independent reasons:

1. The administrator of the estate of the decedent does not have standing to claim rights under automobile policies (which include uninsured coverage) issued to sisters and parents of the adult decedent. The rights sought to be established exist, if at all, as a result of a contract executed between the insured and the defendant-carriers. Significantly, the parties named in the insurance contracts in question are not parties to this action. See Civ. R. 17(A).

2. The trial court's reliance upon *Wood v. Shepard* is misplaced. Not only is *Wood* not a declaratory judgment action, the insured in *Wood* is the decedent (killed in the auto accident). Here, the insureds are neither the tortfeasor nor the victim-decedent - they are sisters and parents (who are independently insured by the defendant-appellant companies.)

Erie's contract of insurance runs to Wilma J. Clark - an adult sister of the adult decedent, living in Massillon, Ohio.

Nationwide's contract of insurance runs to Shirley and William Osborne, parents of the decedent, living in East Sparta, Ohio.

(By contrast, in *Wood*, the policy ran to the decedent - a marked difference.)

The Ohio Supreme Court limited the scope of its holding in *Wood* to exclude the very circumstance encountered here:

Only an *insured* under the underinsured motorist provision can recover under the policy for injury or wrongful death. Appellee, herein, does not dispute that James, Jessica and Carrie Wood are all covered persons under the policy.

*Wood*, at 90, emphasis added.

Appellant-Nationwide correctly points out that:

"In the instant case, an extension of the *Wood* holding creates an absurd result, in that (1) neither the decedent nor the plaintiff, the decedent's administrator, is a named insured under the Osborne policy; (2) the decedent was a married adult and was not a resident of the policyholder's household at the time of her death; and (3) the car in which the decedent was travelling was not a car which was insured under the policy. Since neither the plaintiff nor the decedent was a named insured and neither qualifies as a relative under the policy and the vehicle in which they were travelling was not an insured vehicle, an extension of coverage under the facts in the case at bar is a result which was not intended by the parties at the time of contracting, nor is it a situation of fact which was considered specifically by the *Wood* court.

Nationwide brief at 7.

*Wood* does not apply to the facts in the case *sub judice.*

In *Wood*, James Wood, his wife Gina, and their two minor children were travelling west on S.R. 49 in their Ford pickup. Defendant-Shepard, travelling north, disregarded a stop sign at the intersection of S.R. 49 and collided with the Woods' truck, causing it to roll. Gina Wood was thrown from the truck and subsequently died from the resulting injuries.

James Wood, individually in his capacity as administrator of the estate of his wife and guardian of the two minor children, brought suit against the tortfeasor and the Woods' insurance company, Professionals Insurance Company, under the underinsured motorist provisions. He reached a settlement with the tortfeasor's insurance company for the policy limits of $100,000. (The $100,000 was divided $20,000 to James Wood, individually; $40,000 to James Wood as guardian for each child; $20,000 to Gina Woods' estate for survivor benefits; and $20,000 to Gina Woods' estate for wrongful death.)

*Wood* held, *inter alia*, that the Professionals policy entitled it to set off payments received by the Woods from the tortfeasor or his insurance carrier. Further, the court held:

"Each person entitled to recover damages pursuant to R.C. 2125.02 for wrongful death, and who is an insured under an underinsured motorist provision in an insurance policy, has a separate claim and such separate claims may not be made subject to the single person limit of liability in the underinsured motorist provision." (R.C. 2125.02 and 3937.18[A] [2], construed and applied.) *Wood, supra*, syllabus by the court.

The holding in *Wood* is limited. *Wood* addresses the scenario where separate claims are being made against the decedent's insurer for wrongful death. It reversed the trial court's decision finding that R.C. 2125.01 created only a single cause of action for wrongful death and thereby created a limitation of one claim against the underinsured motorist.

Any discussion of whether survivors of the insured have separate claims against the

*decedent's insurer* for wrongful death must refer to R.C. 2125.01, and 2125.02, as well as R.C. 3937.18.

> *Wood, supra,* at 1091, emphasis added.

Here, the survivors of the decedent are *not* making a wrongful death claim against the decedent's insurer, but rather against their own insurance carriers. *Wood* does not apply.

For the foregoing reasons, we rule as follows on the assignments of error:

Erie:
I   sustained
II  sustained;
III overruled, not relevant;
IV  overruled, not relevant.

Nationwide
I   sustained;
II  overruled;
III sustained;
IV  overruled, not relevant.

The judgment of the Common Pleas of Stark County is reversed, and final judgment is entered in favor of appellants.

*Judgment reversed.*

HOFFMAN, J. Concurs.
PUTMAN, P.J. Dissents.

PUTMAN, P.J., Dissenting:
In my opinion, the thorough and well-considered opinion of the trial court correctly handles all issues raised by the separate assignments of error of the two appellants.

Generally, the trial court's opinion is based upon the Ohio Supreme Court case of *Wood v. Shepherd* (1988), 38 Ohio St. 3d 86. In my opinion, the trial court correctly perceived and applied that precedent.

It is to be pointed out that counsel for Nationwide, with commendable professional candor, concludes the second assignment of error with the statement, "The case of *Wood v. Shepherd,* 38 Ohio St. 3d 86 (1988), should be Reconsidered and Reversed."

In my opinion, the trial court in its 13 page opinion adequately sets forth the facts and analyzed the issues. Whether or not *Wood v. Shepherd, supra,* should be reconsidered and reversed, is a decision for the Ohio Supreme Court and not for the intermediate Court of Appeals.

---

[1] Wilma J. Clark, a sister of the decedent, was insured under a policy issued by defendant, Erie Insurance Group ("Erie") in the amount of $100,000 per person and $300,000 per accident, Amended Stipulation ("Stipulation") at paragraph 8. Carama Robinson and Ruby Smith, sisters of the decedent, Liberty Mutual Fire Insurance Company ("Liberty"), both of which had uninsured/underinsured limits in the amount of $100,000, Stipulation paragraph 9. Shirley Osborne and William Osborne, the parents of the decedent, were insured under a policy issued by defendant, Nationwide Mutual Insurance Company ("Nationwide") with uninsured/undersured [sic] limits of $100,000 per person with $300,000 per accident, Stipulation paragraph 11.