BROWN, Appellant,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

[Cite as *Brown v. Allstate Ins. Co.* (1991), 81 Ohio App.3d 87.]

Court of Appeals of Ohio,
Summit County.

No. 14998.

Decided Aug. 7, 1991.

*Lawrence J. Scanlon,* for appellant.

*Stanley S. Keller* and *Daniel J. Hurley,* for appellee.

CACIOPPO, Presiding Judge.

Plaintiff-appellant, Deanne Brown, appeals the decision of the Summit County Court of Common Pleas declaring that an automobile insurance policy issued by defendant-appellee, Allstate Insurance Company ("Allstate"), does not cover Brown's claims. We affirm.

On April 17, 1987, Lanny Ashton was a passenger in an automobile operated by his wife, Betty Ashton. The Ashton automobile was involved in a collision with an automobile owned and negligently operated by Walter Lehman.

Lehman's insurance policy provided coverage with maximum limits of $12,500 for one person injured in any one accident and $25,000 per occurrence. The Ashtons were insured by Motorist Mutual Insurance Company ("Motorist Mutual") with policy limits of $50,000 for one person injured in any one accident and $100,000 per occurrence. The estate of Lanny Ashton and Betty Ashton recovered $25,000 under Lehman's policy and $75,000 under their Motorist Mutual underinsured motorist coverage, for a total of $100,000. Betty Ashton, on behalf of herself and the estate of Lanny Ashton, executed full releases in favor of Lehman and Motorist Mutual. The Ashton's emancipated daughter, Deanne Brown, received payment in the sum of $14,606.17 for damages suffered by reason of the wrongful death of her father.

On November 20, 1989, Deanne Brown filed a complaint against her husband's insurance carrier, Allstate. The complaint sought a declaration of Brown's right to arbitrate her claim for damages which she suffered as a result of her father's wrongful death.

On January 3, 1990, Allstate filed an answer and a counterclaim for a declaratory judgment.

The parties stipulated to the facts and submitted the case to be determined on the briefs. On January 24, 1991, the trial court ruled that the Allstate policy does not cover Brown's claims because "no bodily injury was sustained by a 'person insured' nor financial obligation or expenses incurred."

Brown filed a timely appeal.

### Assignment of Error

"The trial court committed prejudicial error in entering judgment on the pleadings for Allstate Insurance Company."[1]

■ The issue presented is whether the insured, the emancipated daughter of decedent, is entitled to receive coverage for damages which she suffered as a result of her father's wrongful death under the underinsured motorist provision of her policy providing coverage for "bodily injury sustained by an insured person."

The policy provisions pertinent to this case provides as follows:

"We will pay those damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of any uninsured auto. We will not pay any punitive or exemplary damages."

"Bodily injury" is defined as "bodily injury, sickness, disease, or death."

Brown asserts that the policy language plainly provides coverage. We disagree. The language states that coverage applies "for bodily injury sustained by an insured person." The policy defines insured persons as:

"1. You and any relative who resides in your household.

"2. Any person while in, on, getting into or out of your insured auto with your permission, and

"3. Any other person who is legally entitled to recover because of bodily injury to you, a relative who resides in your household, or an occupant of your auto."

---

1. This case was not decided on "the pleadings" but on the stipulated facts and briefs.

By stipulation, Brown agrees that the decedent was not a named insured on the Allstate insurance policy nor did he reside in the Brown residence. The bodily injury sustained by the decedent is not covered because decedent was not an insured person under the Allstate policy.

Brown, an insured person under the policy, did not sustain bodily injury in the automobile accident. Since the plain language of the Allstate policy restricts Brown from uninsured motorist coverage, Allstate properly denied coverage.

■ Next, Brown relies on *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555, for the proposition that a policy restricting coverage because the insured suffered no bodily injury is contrary to R.C. 3937.18 and void. Brown asserts that based on *Sexton, supra,* the trial court erred in upholding the validity of the policy provision herein, limiting an insured's recovery under the uninsured/underinsured provisions of her policy to damages arising out of bodily injury to a named insured.

R.C. 3937.18(A)(2) provides: "Uninsured motorist coverage * * * shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage at the time of the accident." The statute is silent as to who must suffer the bodily injury, sickness, and disease.

The policy in *Sexton, supra,* required the insurance company "[t]o pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured * * *." *Id.* at 432, 23 O.O.3d at 385, 433 N.E.2d at 557. The Supreme Court of Ohio found that the policy language which provided coverage only if the insured sustained bodily injury limited recovery contrary to R.C. 3937.18 and thus was void. *Id.* at 437, 23 O.O.3d at 388–389, 433 N.E.2d at 560.

Other appellate jurisdictions have addressed the application of *Sexton* to cases with facts similar to the case before us. Although we are not bound by these decisions, we find the reasoning set forth in *Tavzel v. Aetna Life & Cas. Co.* (June 16, 1988), Cuyahoga App. No. 53931, unreported, 1988 WL 86717; and *Monnot v. Motorist Mut. Ins. Co.* (Mar. 27, 1989), Stark App. No. 7632, unreported, 1989 WL 28687 persuasive.

In *Tavzel, supra,* the Court of Appeals for Cuyahoga County noted that after the *Sexton* decision, the Supreme Court upheld an insurance policy provision restricting uninsured motorist coverage, holding that:

"An insurance policy provision which denies uninsured motorist coverage, when bodily injury is sustained by any person while *occupying a motor vehicle owned by an insured* but which vehicle is not specifically insured under the policy, is a valid exclusion." (Emphasis *sic.*) *Hedrick v. Motorists Mut. Ins. Co.* (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840, syllabus.

The majority in *Hedrick,* at 44, 22 OBR at 65, 488 N.E.2d at 842, *supra,* cited Justice Holmes' dissent in *Ady v. West Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 604, 23 O.O.3d 495, 502, 433 N.E.2d 547, 554, which stated:

"In construing the mandates of the General Assembly insofar as the offering of uninsured motorist coverage in Ohio is concerned, we must not unduly restrict the free right of contract, and must allow for a certain amount of latitude for the exercise of discretion on the part of the policyholder as to the desirable extent or breadth of coverage for which he is willing, or able, to pay the premiums."

In *Tavzel, supra,* the court of appeals reasoned that given the court's shift in focus to the parties' freedom to contract, the issue was whether the insurance policy restriction was clear, unambiguous and not in conflict with R.C. 3937.18(A). We find this analysis sound.

In the case *sub judice,* the relevant policy provision provides that coverage extends to "bodily injury sustained by an insured person." We find this language clear, unambiguous and not in conflict with the relevant statute. It is undisputed that decedent was not an "insured person" under the Allstate policy and that the insured sustained no bodily injury.

In *Ross v. Nationwide Mut. Ins. Co.* (Sept. 27, 1990), Franklin App. No. 90AP–165, unreported, 1990 WL 140549, appeal dismissed (1992), 63 Ohio St.3d 584, 504 N.E.2d 1184, plaintiffs, Ohio residents, sought to recover under their automobile insurance policy issued by Nationwide. Plaintiffs were the decedent's sister and niece. Decedent was struck and killed by an underinsured motorist in West Virginia where he resided. The decedent's estate was paid the maximum of uninsured/underinsured motor vehicle coverage from insurance policies issued to the decedent by State Farm. In their complaint, plaintiffs sought a declaration that they were entitled to coverage under the underinsured provision of their insurance policy with limits of $100,000 per person/$300,000 per occurrence.

The pertinent policy provisions read:

"We will pay bodily injury (meaning bodily injury, sickness, disease, or death) damages that are due you by law from the owner or driver of an uninsured motor vehicle. Damages must result from an accident arising out of the:

"1. ownership;

"2. maintenance; or

"3. use;

"of the uninsured motor vehicle. We will also pay these damages to relatives."

" * * *

"9. 'Relative' means one who regularly lives in your household, related to you by blood, marriage or adoption (including a ward or foster child). A relative may live temporarily outside your household."

The Court of Appeals for Franklin County relied on *Sexton supra*, and reversed the trial court's decision granting summary judgment in favor of Nationwide and remanded the case. The case *sub judice* is distinguishable from *Ross* because the policy which we are construing differs from that construed by the Tenth District. Unlike the Nationwide policy in *Ross, supra*, the Allstate policy does not provide coverage to relatives for damages resulting from an accident. It provides coverage for "bodily injury sustained by an insured person." Therefore, the *Ross* case is inapposite.

Brown relies on *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, syllabus, which held that each person entitled to recover damages pursuant to R.C. 2125.02 for wrongful death, and who is not insured under an underinsured motorist provision in an insurance policy, has a separate claim and such separate claim may not be made subject to the single person limit of liability in the underinsured motorist provision. The *Wood* case applies to separate claims made against the decedent's insurer for wrongful death. It is distinguishable from the case before us dealing with a claim made by a survivor against her own insurance carrier rather than that of the decedent. See *Smith v. Erie Ins. Group* (1990), 61 Ohio App.3d 794, 573 N.E.2d 1174. We find that *Wood, supra*, has no application to the facts of the case before us.

The trial court properly rendered judgment in favor of Allstate. The assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.