ROTSINGER, Appellant,

v.

STATE FARM INSURANCE COMPANY, et al., Appellees.

[Cite as *Rotsinger v. State Farm Ins. Co.* (1992), 78 Ohio App.3d 696.]

Court of Appeals of Ohio,
Erie County.

No. E–91–16.

Decided March 13, 1992.

*Ronald Kaufman*, for appellant.
*Cormac DeLaney*, for appellee.

*Per Curiam.*

This is an appeal from a judgment of the Erie County Court of Common Pleas. On February 12, 1991, the trial court rendered summary judgment in favor of appellee, State Farm Insurance Company ("State Farm"), finding that appellant, Faye Rotsinger, was not entitled to collect under her underinsured motorist coverage with State Farm.

The facts of this case are as follows. On June 11, 1988, Donna Pavia died from injuries she received in an automobile collision with another vehicle operated by Hector Auria. Auria's liability for the accident is not disputed. Pavia was survived by her father, brother, sister, daughter and her mother Faye Rotsinger. Pavia was the adult daughter of Rotsinger and had not lived with or received support from her mother for several years.

At the time of the accident, Auria was insured by Nationwide Insurance with liability coverage limits of $100,000 per person and $300,000 per occurrence. Rotsinger, as well as Pavia's father, brother, sister and daughter, was entitled to bring claims against Auria pursuant to the wrongful death statute, R.C. 2125.02(A)(1). Nationwide, Auria's insurer, settled these claims for the sum of $100,000. Rotsinger received $20,000 of that sum.

Also at the time of the accident, Rotsinger was insured by State Farm with underinsured motorist coverage limits of $100,000 per person and $300,000 per occurrence. However, Pavia was not named as an insured under Rotsinger's policy, nor did she meet the definition of an "insured" under this policy and, in fact, Pavia had not lived with nor received support from Rotsinger for several

years. Further, none of the vehicles involved in the accident was covered under this policy.

Rotsinger brought a claim against State Farm under the underinsured motorist provision of her insurance policy. Rotsinger sought to claim the difference between the $20,000 (that she received from the settlement between her daughter's estate and the tortfeasor's insurance company) and the $100,000 per person underinsured coverage limit under her own policy with State Farm. State Farm refused the claim, and Rotsinger subsequently brought the present action for declaratory judgment.

It is from the trial court's grant of summary judgment in State Farm's favor that Rotsinger raises the following two assignments of error:

"1. The court erred in granting a summary judgment when genuine issues of fact and law existed in this case.

"2. The court erred in interpreting and applying the statutory and common law of the state of Ohio to this case."

Rotsinger's second assignment of error will be addressed first. Rotsinger argues as her second assignment of error that she is entitled to underinsured motorist coverage under her own policy with State Farm pursuant to the holding of *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089.

In *Wood,* at the syllabus, the Supreme Court of Ohio held as follows:

"Each person entitled to recover damages pursuant to R.C. 2125.02 for wrongful death, and who is an insured under an underinsured motorist provision in an insurance policy, has a separate claim and such separate claims may not be made subject to the single person limit of liability in the underinsured motorist provision. (R.C. 2125.02 and 3937.18[A][2], construed and applied.)"

Rotsinger argues that as Pavia's mother she is entitled to recover wrongful death damages and, therefore, should prevail in her claim against State Farm.

However, in *Smith v. Erie Ins. Group* (1990), 61 Ohio App.3d 794, 573 N.E.2d 1174, the court discussed the limitations of the holding in *Wood.* The *Smith* court specifically held that *Wood* applies only where survivors of a decedent are making separate claims "against the *decedent's insurer* for wrongful death." (Emphasis added.) *Smith, supra,* 61 Ohio App.3d at 798, 573 N.E.2d at 1177. The *Smith* court found *Wood* inapplicable where "survivors of the decedent are *not* making a wrongful death claim against the decedent's insurer, but rather against their own insurance carriers." *Smith, supra* at 799, 573 N.E.2d at 1177.

Further, this court has previously held a similar claim to be too remote from the intent of the General Assembly to permit recovery in *Hill v. State Farm*

*Mut. Auto. Ins. Co.* (Nov. 10, 1988), Lucas App. No. L–87–382, unreported, 1988 WL 121287. In *Hill,* we noted that the legislative purpose of the compulsory uninsured motorist statute, R.C. 3937.19, was "to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated." *Id.,* quoting *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 165, 51 O.O.2d 229, 231, 258 N.E.2d 429, 432. In *Hill,* the decedent's daughter attempted to make a claim against her own insurer after receiving the proceeds from a claim against the uninsured motorist provisions of her father's policy. We held that such a claim was "too remote from the intent of the legislators in enacting R.C. 3937.18." *Hill, supra.*

Therefore, we find that Rotsinger, as a matter of law, is not entitled to maintain her claim against State Farm. Accordingly, Pavia's second assignment of error is found not well taken.

Further, as a result of our disposition of this case under the second assignment of error, we find the first assignment of error not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER, MELVIN L. RESNICK and SHERCK, JJ., concur.