[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 1235.]

KOCEL, APPELLANT, *v.* FARMERS INSURANCE OF COLUMBUS, INC., APPELLEE.

[Cite as *Kocel v. Farmers Ins. of Columbus, Inc.*, 1997-Ohio-135.]

*Appeal dismissed as improvidently allowed.*

(No. 96-1000—Submitted May 21, 1997—Decided October 1, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 69058.

————————————

*Dubyak & Goldense Co., L.P.A., David W. Goldense* and *Paul V. Wolf*, for appellant.

*Gallagher, Sharp, Fulton & Norman, D. John Travis* and *Gary L. Nicholson*, for appellee.

*McCarthy, Palmer, Volkema, Boyd & Thomas* and *Michael S. Miller*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

————————————

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed.

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

————————————

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 2} I disagree with the majority's decision to dismiss this case as improvidently allowed. This case involves a policyholder who was not involved in a motor vehicle accident attempting to recover from his own insurer under uninsured/underinsured motorist coverage as a wrongful death beneficiary. The issue presented—whether a policyholder can recover in such a situation when an uninsured or underinsured tortfeasor caused the wrongful death of a relative and the relative was not an "insured" under the implicated policy—is an issue that

should be reviewed and resolved by this court. To decline to address the question does a disservice to the courts of this state, and also to the parties involved in litigation raising this issue. This identical issue will continue to arise in future cases. We should address the merits of the issue today.

{¶ 3} This case does not come to us as a certified conflict, but the courts of appeals of this state have been split on whether the policyholder may recover from his own insurer under former R.C. 3937.18 in this situation. There also exist differing opinions within the same district. The panel of judges in the Eighth Appellate District sitting on this case, in finding that coverage is not available, has resolved the issue in a way that is not consistent with decisions in other cases made by different panels within that district. See *Hydel v. Cincinnati Ins. Co.* (Jan. 11, 1996), Cuyahoga App. No. 68552, unreported, 1996 WL 11316 (decided shortly before the case *sub judice*), and *Simone v. W. Res. Mut. Cas. Co.* (Apr. 18, 1996), Cuyahoga App. No. 69236, unreported, 1996 WL 191768 (decided shortly after the case *sub judice*).

{¶ 4} Moreover, because of these diverse opinions, the appellate courts would welcome guidance from this court on this issue. Some courts, particularly those considering this issue in the late 1980s and early 1990s, have agreed with the decision by the court of appeals in this case that coverage is not available. See, *e.g.*, *Visocky v. Farmers Ins. of Columbus, Inc.* (1994), 98 Ohio App.3d 118, 648 N.E.2d 6; *Everage v. Illinois Natl. Ins. Co.* (Mar. 2, 1993), Clark App. No. CA2968, unreported, 1993 WL 55970; *Brown v. Allstate Ins. Co.* (1991), 81 Ohio App.3d 87, 610 N.E.2d 478; *Smith v. Erie Ins. Group* (1990), 61 Ohio App.3d 794, 573 N.E.2d 1174; *Monnot v. Motorists Mut. Ins. Co.* (Mar. 27, 1989), Stark App. No. CA-7632, unreported, 1989 WL 28687; *Hill v. State Farm Mut. Auto. Ins. Co.* (Nov. 18, 1988), Lucas App. No. L-87-382, unreported, 1988 WL 121287; *Tavzel v. Aetna Life & Cas. Co.* (June 16, 1988), Cuyahoga App. No. 53931, unreported, 1988 WL 86717.

**{¶ 5}** However, several of the appellate districts rendering the above opinions have reconsidered their positions, and have since held that coverage is available in this situation. Among the opinions allowing recovery are *Simone, supra*; *Hydel, supra*; *Sherard v. State Farm Mut. Auto. Ins. Co.* (May 22, 1996), Hancock App. No. 5-95-34, unreported, 1996 WL 310125; *United Serv. Auto. Assn. v. Mack* (May 17, 1995), Clark App. No. 94-CA-32, unreported, 1995 WL 301437*; Cincinnati Ins. Co. v. Jarvis* (1994), 98 Ohio App.3d 155, 648 N.E.2d 30; *Lynch v. State Farm Mut. Auto. Ins. Co.* (Mar. 21, 1994), Butler App. No. CA93-06-099, unreported, 1994 WL 93163; *Fay v. Motorists Ins. Co.* (1992), 80 Ohio App.3d 63, 608 N.E.2d 836; *Senig v. Nationwide Mut. Ins. Co.* (1992), 76 Ohio App.3d 565, 602 N.E.2d 438; *Barr v. Ins. Co. of N. Am.* (1991), 72 Ohio App.3d 595, 595 N.E.2d 531.

**{¶ 6}** While not expressing an opinion on how I believe the question presented should be answered, I believe this court should provide an answer. The preceding list of cases is a small sampling of the many cases in which recovery in this situation was allowed. A perceivable emerging trend among the courts of appeals is clearly in favor of recovery. This case presents us with the opportunity to either approve or disapprove of that trend. Furthermore, since the decision of the court of appeals in this case denying recovery is contrary to this trend, it seems grossly unfair to these parties to dismiss this appeal as improvidently allowed without considering this case on the merits.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

––––––––––––––––