Plaintiffs-appellants, Michael Brent King, Clayton R. King and Stephen L. King, appeal the decision of the Monroe County Common Pleas Court granting summary judgment in favor of defendants-appellees, Western Reserve Mutual Casualty Company and Grange Mutual Casualty Company, denying summary judgment for appellants, and finding that appellants had failed to state a cognizable claim for coverage under the underinsured motorist insurance provisions of their respective policies.
Because the assignments of error presented are identical, and because the claims in issue all arise from the same underlying event, we have consolidated the three separate cases for purposes of appeal.
Appellants' sister, Melania King, was killed in an automobile accident on November 9, 1995 while riding as a passenger in a car driven by Amy Conley. The record indicates that the estate of Melania King received $62,500 from Conley's insurance carrier. The $62,500 settlement was distributed equally among the three appellants herein. At the time of her death, the decedent resided with her parents, while each of the three appellants lived separate and apart from each other. None of the appellants resided with decedent or her parents.
At the time of decedent's death, appellant Michael King and appellant Clayton King were insured by Western Reserve Mutual Casualty Company (hereinafter Western Reserve), and appellant Stephen King was insured by Grange Mutual Casualty Company (hereinafter Grange). Each of these automobile insurance policies contained underinsured motorist provisions. The decedent was not a named insured on any of the three aforementioned policies.
Appellants submitted claims on their individual policies as a result of their sister's wrongful death. Appellees denied coverage because bodily injury had not been suffered by an insured pursuant to the terms of the policies. On March 17, 1997 all three appellants filed separate requests for declaratory judgment in the Monroe County Court of Common Pleas.
Subsequently, all three appellants and both appellees filed motions for summary judgment. By judgment entry, dated September 3, 1997 in the cases of Clayton and Michael, and dated September 30, 1997 in the case of Stephen, the trial court ruled that appellants had failed to state a cognizable claim for coverage under the terms of their respective policies. The trial court ruled that because the decedent had not resided in the household of any of the appellants she was not a "family member" as defined in the respective policies. Accordingly, the trial court granted appellees' motions for summary judgment, denied appellants' motions for summary judgment, and dismissed the actions. On October 3, 1997 all three appellants filed timely notices of appeal.
Each appellant has asserted the identical sole assignment of error. Because appellants present virtually identical arguments and because the claims at issue arise out of the same set of factual circumstances, we will address them together. Appellants' assignment of error states:
 "The trial court erred in awarding summary judgment in favor of the defendant-appellant and denying summary judgment to the plaintiff-appellant."
Appellants' argument is that as named insureds on their own policies they are entitled to recover for any loss or damage they may have suffered as a result of the death of their sister. Appellants also argue that R.C. 3937.18 provides protection for insured persons who are legally entitled to recover damages, notwithstanding changes in the statute made by Am. Sub. S.B. No. 20 (hereinafter Senate Bill 20).
Appellants place great emphasis on Holt v. Grange Mut. Cas.Co. (1997), 79 Ohio St.3d 401, wherein the Ohio Supreme Court ruled that an insurer's use of restrictive policy language in defining an insured was insufficient to exclude coverage for a wrongful death beneficiary seeking to recover under a decedent's policy. Appellants concede that the issue in Holt is different from that in the instant case, but argue that the reasoning is nonetheless applicable.
Appellees' argument is a simple one. According to appellees, appellants' sister was not an insured under the policies in question, and hence, appellants were not entitled to recover. With respect to appellants' contention that R.C. 3937.18
mandates coverage, appellees note that the amended version of the statute requires that the bodily harm or injury be suffered by an "insured", which did not occur in the instant case.
We will first address this assignment of error as it relates to appellant Stephen King.
The policy issued by Grange to Stephen King provides as follows:
 "A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:
 "1. Bodily injury suffered by the insured and caused by an accident; * * *
"* * *
"B. 'Insured' as used in this Part means:
"1. You or any family member.
"* * *"
Family member is defined as "a person related to you by blood, marriage or adoption and whose principal residence is at the location shown in the Declarations."
Melania King, the decedent, did not reside at the address shown in the policy declarations and thus was not a family member as defined in the policy. Because the decedent was not a family member, the trial court correctly ruled that she was not an "insured". Accordingly, because bodily injury was not suffered by an insured, Stephen King was not entitled to coverage under the terms of his policy.
Appellant argues that under the underinsured motorist statute and prior case law, Grange was nonetheless required to provide coverage. Currently, underinsured motorist insurance is governed by R.C. 3937.18, as amended by Senate Bill 20. Prior to October 20, 1994, the effective date of Senate Bill 20, R.C.3937.18 read in pertinent part:
 "A. No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:
"* * *
 "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death * * *."
Senate Bill 20 modified this portion of the statute by adding the following language which is shown in bold. As amended the statute read:
 "A. No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
"* * *
 "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death suffered by any person insured under the policy * * *."[1]
As we have already noted, Senate Bill 20 had an effective date of October 20, 1994. The policy issued to Stephen King was for the period of June 5, 1995 to December 5, 1995, which is subsequent to the effective date of Senate. Bill 20.[2] Hence the applicable law for defining coverage is R.C. 3937.18 as amended, which appellant does not appear to challenge.
Under the former R.C. 3937.18, there was considerable confusion regarding the issue of whether a wrongful death beneficiary could recover from his or her own underinsured motorist insurer when the decedent was not an insured under the policy in question. See Kocel v. Farmers Ins. ofColumbus, Inc. (1997), 79 Ohio St.3d 1235 (Resnick, J., dissenting from dismissal of appeal) (listing the various appellate decisions on both sides of the issue). A number of the cases finding coverage, e.g. Simone v. W. Res.Mut. Cas. Co. (Apr. 18, 1996), Cuyahoga App. No. 69236, unreported; United Serv. Auto Assn. v.Mack (May 17, 1995), Clark App. No. 94 C.A. 32, unreported, did so on the basis of the Ohio Supreme Court's decision in Sextonv. State Farm Mut. Auto. Ins.Co. (1982), 69 Ohio St.2d 431. In Sexton, the Ohio Supreme Court ruled that an insured was legally entitled to recover damages because of the death of an uninsured daughter, and that any attempt to limit the recovery to those situations where an insured himself suffered the injury was contrary to R.C.3937.18, and thereby void.
However, as we have already noted, Senate Bill 20 modified R.C. 3937.18 to include the language "suffered by any person insured under the policy." The effect of Senate Bill 20 was to overrule Sexton and to permit a policy exclusion limiting coverage to bodily injury or death suffered by an insured. SeeSimone, supra, at 2. Hence, because the amended statute is the law governing this case, Grange's attempt to limit coverage to those situations where bodily injury or death is suffered by an insured is entirely valid.
Notwithstanding the language in R.C. 3937.18, appellant claims that the legislature did not restrict recovery to insureds that have actually been injured or killed. According to appellant, the statute does not require that the bodily injury or death be suffered by an insured but only that an insured suffer "losses". However, as the trial court succinctly noted, "[i]f, as the Plaintiff suggests, the revised statute requires only that [underinsured motorist] coverage protect the insured against 'losses' that are suffered by the insured, the language the legislature added to the statute must be disregarded as meaningless." We are mindful that the Tenth District Court of Appeals has held otherwise, based on the uncodified law accompanying Senate Bill 20. SeeHolcomb v. State Farm Ins. Cos. (Dec. 24, 1998), Franklin App. No. 98AP-353, unreported. However, we do not find this position tenable given the clear and precise wording of the statute. R.C. 3937.18 as amended requires only that insurers provide coverage for losses resulting. from bodily injury to insureds.
We note that appellant's reliance on Holt, supra, is misplaced. In the first instance, the claim in Holt was not governed by the amended version of R.C. 3937.18. In addition,Holt involved non-resident sons seeking to recover on their decedent father's policy. In the instant case, the decedent's policy is not at issue.
We hold that under R.C. 3937.18 as amended by Senate Bill 20, an insurance policy exclusion that limits underinsured motorist coverage to bodily harm or death sustained by an insured is valid. The trial court correctly determined that appellant Stephen King was not entitled to coverage under his policy with appellee Grange.
We turn now to the policies issued to appellants Michael and Clayton King. The pertinent policy language in the policies issued by Western Reserve to Clayton and Michael King reads as follows:
 "A. We will pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury' caused by an accident.
"* * *
"B. 'Insured' as used in this endorsement means:
"1. You or any 'family member.'
 "2. Any other person 'occupying' 'your covered auto.'
 "3. Any person for damages that person is entitled to recover because of 'bodily injury' to which this coverage applies sustained by a person described in 1. or 2. above."
Family member is defined as "a person related to you by blood, marriage or adoption who is a resident of your household."
Noticeably, under the language of the policy it is not necessary for an insured to suffer bodily injury. Rather, the policy requires only that insureds be legally entitled to recover damages.
Although R.C. 3937.18 sets forth the minimum requirements for underinsurance motorist coverage, the statute does not operate to preclude an insurer from providing broader coverage than that required by law. See Smith v. Heritage Mut. Ins. Co.
(1988), 48 Ohio App.3d 67, 69; Berry v. Motorist Mut. Ins. Co.
(1983), 13 Ohio App.3d 228, 230. It follows from what we have already stated that had Western Reserve sought to restrict its coverage to those situations where bodily injury is suffered by an insured, such restriction would have been entirely valid under R.C. 3937.18. However, the language used in the policies issued by Western Reserve to appellants Michael and Clayton King does not restrict coverage to insureds suffering bodily injury.
Clearly, Michael and Clayton King were insureds under the terms of their respective policies. Just as clearly, both appellants were legally entitled to recover damages for the death of their sister as statutory wrongful death beneficiaries. See King v. Western Reserve Group (Dec. 1, 1997), Monroe App. No. 789, unreported; R. C. 2125.02 (A) (1). Accordingly, the trial court erred in ruling that Michael and Clayton King had failed to state a cognizable claim for coverage under the underinsured motorist provisions of their respective policies.
The trial court's decision denying underinsured motorist coverage to appellant Stephen King is hereby affirmed. The trial court's decision denying underinsured motorist coverage to appellants Michael and Clayton King is hereby reversed and remanded for further proceedings according to law and consistent with this opinion.
Vukovich, J., concurs
Waite, J., concurs
APPROVED:
 -------------------- Gene Donofrio Presiding Judge
[1] R.C. 3937.18 was subsequently amended in 1997, although these later amendments do not affect the instant case.
[2] There is nothing in the record indicating that the policy is a renewal or continuation of a policy issued prior to October 20, 1994, and so we need not address the issue treated in Wolfe v.Wolfe (Nov. 6, 1998), Montgomery App. No. 17111, unreported.