ADDINGTON et al., Appellants,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

[Cite as *Addington v. Allstate Ins. Co.* (2001), 142 Ohio App.3d 677.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 00CA007737.

Decided July 5, 2001.

*George C. Rogers,* for appellants.

*Darrel A. Bilancini,* for appellee.

WHITMORE, Judge.

Appellant Patricia G. Addington has appealed the judgment of the Lorain County Common Pleas Court that entered summary judgment against her, in favor of appellee Allstate Insurance Company. This court affirms.

I

On August 27, 1994, appellant's granddaughter, Patricia Hill, was killed in an automobile accident by an uninsured motorist in Lorain County, Ohio. During September 1999, appellant, a policyholder with Allstate, submitted a claim to the carrier, seeking wrongful-death damages that she sustained as the result of her granddaughter's death. In turn, Allstate determined that under the language of appellant's policy, her granddaughter did not meet the requirement that damages result from the death of an insured and, thus, denied coverage. In its denial letter, dated September 27, 1999, Allstate relied on favorable case law from this court, which has jurisdiction over Lorain County.

On January 5, 2000, appellant filed a declaratory judgment action in the Lorain County Common Pleas Court, asserting claims for breach of contract and tortious failure to act in good faith.[1] Six weeks later, when the Ohio Supreme Court handed down its decision in *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, which in effect overruled the case law upon which Allstate had relied, the company reversed its position and agreed to provide coverage to appellant.

Thereafter, Allstate moved the trial court for partial summary judgment, arguing that its decision to initially deny coverage was reasonably justified. After briefing, the trial court granted the motion and entered summary judgment, holding that, as a matter of law, Allstate had established a reasonable justification for denying appellant's claims and that Allstate's position was neither arbitrary nor capricious. Appellant then dismissed her remaining claim[2] and appealed, asserting one assignment of error.

## II

### *Assignment of Error*

"The trial court erred in granting summary judgment against [appellant] on her claim of tortious failure to act in good faith, as Allstate could not reasonably rely upon the decisions of *Brown v. Allstate Ins. Co.* (1991), 81 Ohio App.3d 87 [610 N.E.2d 478], and *Nationwide Mut. Ins. Co. v. Wright* (1996), 9th District CA No. 95CA006190, unreported [1996 WL 304205], after the subsequent Ohio Supreme Court decision in *Weiker v. Motorists Mut. Ins. Co.* (1998), 82 Ohio St.3d 182 [694 N.E.2d 966]."

In her sole assignment of error, appellant has challenged the trial court's entry of summary judgment, arguing that Allstate acted in bad faith when it invoked this court's decisions in *Brown v. Allstate Ins. Co.* (1991), 81 Ohio App.3d 87, 610 N.E.2d 478, and *Nationwide Mut. Ins. Co. v. Wright* (June 5, 1996), Lorain App. No. 95CA006190, unreported, 1996 WL 304205, and refused to provide coverage when appellant initially requested it. Allstate has countered, arguing that its decision was based purely upon the state of the law at the time of the denial and

---

1. The lawsuit also included claims by Homer B. Addington, appellant's husband. His claims were dismissed by the trial court in summary judgment, but he has not brought an appeal.

2. Presumably, appellant dismissed her breach-of-contract claim in order to appeal the entry of partial summary judgment. See *Ridgill v. Little Forest Med. Ctr.* (June 28, 2000), Summit App. Nos. 19501 and 19530, unreported, at 4, fn. 1, 2000 WL 840494 (observing that the voluntary dismissal of remaining claims after the entry of partial summary judgment renders that summary judgment order final and appealable). See, also, *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 597, 716 N.E.2d 184, 186–187.

in the district where the death occurred and, therefore, its decision was undoubtedly reasonable.

In reviewing a trial court's ruling on a motion for summary judgment, an appellate court's examination is *de novo*. *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 267, 610 N.E.2d 1061, 1063–1064. Stated another way, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1170–1171; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293–294, 662 N.E.2d 264, 273–275. Once a party has satisfied this burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact for trial. *Vahila*, 77 Ohio St.3d at 429, 674 N.E.2d at 1170–1171; *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d at 273–274. When the facts are undisputed, as in the instant case, this court must determine only whether the trial court's judgment was appropriate as a matter of law.

It is well established that an allegation of bad faith made against an insurance carrier for its handling a claim for coverage will survive only if the record shows that there were no circumstances in the case which could be viewed as creating a reasonable justification for that carrier's actions. See *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, paragraph one of the syllabus. In this case, appellant has advanced two arguments as to why Allstate's reliance on decisions from this court was unreasonable as a matter of law. First, she suggests that the Ohio Supreme Court's decision in *Weiker v. Motorists Mut. Ins. Co.* (1998), 82 Ohio St.3d 182, 694 N.E.2d 966, was controlling law and had in effect overruled *Brown* and *Wright, supra*, at the time her claim was denied. In the alternative, appellant argues that because Allstate provided coverage to another person who resided in an appellate district that had recognized her type of claim, it was unreasonable not to do so in this district, where such claims had not been upheld. This court disagrees on both scores.

Appellant sought uninsured motorist damages for the wrongful death of her granddaughter, but until February 2000, the viability of such claims in Ohio remained in question. Justice Alice Robie Resnick expressly recognized in her dissenting opinion in *Kocel v. Farmers Ins. of Columbus, Inc.* (1997), 79 Ohio St.3d 1235, 1236, 684 N.E.2d 83, 83 (Resnick, J., dissenting), that "the courts of appeals of this state have been split on whether the policyholder may recover" under the circumstances presented by appellant's claim and that the issue

"should be reviewed and resolved." Thus, it was clear during October 1997 that the Ohio Supreme Court had not yet addressed the issue. During June 1998, the court handed down its decision in *Weiker*, but it was inapplicable to the claim appellant would ultimately submit. The *Weiker* decision stands for the proposition that a wrongful-death beneficiary has no obligation to advise the insurance carrier of settlement by the *personal representative* in a wrongful-death suit, where the policy required prior notice of settlement by the insured. *Weiker*, 82 Ohio St.3d at 184–185, 694 N.E.2d at 967–969. Not until February 16, 2000, did the court tackle and answer the question of whether coverage applies to the death of an person who is not an insured as defined in an insurance policy. See *Moore* at the syllabus. Hence, contrary to Appellant's assertions, the question of whether an insured, under circumstances like those facing appellant was entitled to recover wrongful-death benefits had not been squarely addressed by the Ohio Supreme Court at the time Allstate declined to extend coverage.

As for appellant's second argument, it too must fail. She has essentially argued that Allstate's reliance on local appellate precedent was unreasonable. However, "[o]pinions reported in the Ohio Official Reports * * * shall be considered controlling authority for all purposes in the judicial district in which they were rendered unless and until each such opinion is reversed or modified by a court of competent jurisdiction." Rep.R. 2(G)(2). Hence, *Brown*, 81 Ohio App.3d 87, 610 N.E.2d 478, was the clear, controlling legal authority on the issue in this district until the decision in *Moore*. See *Rollin v. Nationwide Mut. Ins. Co.* (Sept. 20, 2000), Lorain App. No. 99CA007313, unreported, at 5, 2000 WL 1350024 (recognizing that *Moore* had overruled *Brown* and other similar cases). *Wright, supra*, was simply this court's reaffirmation of the law as set forth in *Brown*. It is disingenuous to suggest that Allstate failed to act in good faith by not providing coverage at a time when such claims had been rejected by this court simply because the carrier had provided benefits in another district which had recognized them. Clearly, Allstate was justified in its reliance upon the current state of the law in a district wherein the alleged claim arose.

In the end, this court concludes that, as a matter of law, there are circumstances present in this case which create reasonable justification for Allstate's actions. Appellant's arguments to the contrary are without merit.

### III

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BATCHELDER, P.J., and SLABY, J., concur.