OPINION
{¶ 1} Plaintiff-appellant John Latronica has filed an appeal from a decision entered in the Mahoning County Common Pleas Court. He claims that the court should not have entered summary judgment on his claims of breach of contract and intentional infliction of emotional distress. However, that entry of summary judgment was made in a case that is not presently before this court. For the following reasons, appellant's assignment of error is dismissed, the stipulated entry is vacated, and this case is remanded.
 STATEMENT OF FACTS {¶ 2} In April 1998, appellant hurt his back at work as an insurance agent for defendant-appellee Western Southern Life, Inc. While off on medical leave, appellant was videotaped golfing. His employer terminated him for this reason.
 {¶ 3} In October 1998, appellant filed a complaint in case number 98CV2489 against his employer due to his termination on various grounds, including statutory wrongful discharge, breach of contract, and intentional infliction of emotional distress. On November 6, 2000, the trial court granted summary judgment to the employer on all claims except the statutory discharge claim. Appellant filed a motion to reconsider regarding the intentional infliction of emotional distress claim. But, on June 19, 2001, the trial court denied that motion. Two days prior to the scheduled bench trial, appellant voluntarily dismissed his lawsuit, and appellee voluntarily dismissed its counterclaims. The court journalized the dismissal on October 21, 2001, terminating that suit.
 {¶ 4} On April 2, 2002, appellant refiled his complaint against his employer alleging statutory wrongful discharge, breach of contract, and intentional infliction of emotional distress. The employer filed counterclaims concerning disability pay. The same day, the employer filed a motion to dismiss the breach of contract and intentional infliction claims. The employer noted that the court had already granted summary judgment on these claims due to their lack of merit in 98CV2489.
 {¶ 5} On June 21, 2002, the trial court sustained the employer's motion to dismiss the breach of contract and intentional infliction claims. Appellant filed notice of appeal resulting in case number 02CA131. However, this court dismissed that appeal since there remained a claim of wrongful discharge and counterclaims.
 {¶ 6} Thereafter, the trial court set the case to be tried on the wrongful discharge count. Before this could occur, appellant entered into a stipulation agreeing to dismiss his remaining count with prejudice. The parties stipulated to this dismissal so that appellant could appeal the prior interlocutory orders regarding the breach of contract and intentional infliction of emotional distress claims, the appeal of which was dismissed by this court in 02CA131 for lack of a final appealable order. A magistrate entered a decision recognizing this stipulation. On September 23, 2004, the trial court adopted the magistrate's decision. Appellant filed the within appeal.
 {¶ 7} On October 25, 2004, this court found that mere adoption of a magistrate's decision is not a final appealable order and stated that the court failed to use "no just reason for delay" language under Civ.R. 54(B) despite the pending counterclaim. We thus held the appeal in abeyance to allow the trial court consider entering judgment. The trial court entered its amended judgment on December 10, 2004. We held this to be a final order on January 6, 2005.
 ASSIGNMENT OF ERROR {¶ 8} Appellant's sole assignment of error contends:
 {¶ 9} "The trial court erred in sustaining defendant's motion for summary judgment."
 {¶ 10} Appellant contends that the court erred in granting summary judgment on November 6, 2000 as to his breach of contract and intentional infliction of emotional distress claims. He also complains about the court's June 19, 2001 denial of his motion to reconsider the summary judgment on his intentional infliction claim. He urges that there exist genuine issues of material fact as to these claims. In support, he cites to a letter of termination, a letter from his physician noting that he advised his patient to increase his activity before returning to work, a portion of this physician's deposition confirming this advice, and a report of another physician concerning appellant's mental state as a result of his termination. These items were apparently attached to his response to summary judgment and his motion for reconsideration in the 98CV2489 case.
 ANALYSIS {¶ 11} As appellee's brief points out, this appeal is from judgments entered in case number 02CV961. Yet, the November 6, 2000 summary judgment and the June 19, 2001 denial of reconsideration contested in appellant's brief took place in case number 98CV2489. Appellant did not file a timely reply brief to explain his rationale behind his current appeal of the judgments from the prior case.
 {¶ 12} After the November 2000 partial summary judgment was entered in 98CV2489, appellant voluntarily dismissed his remaining claim against appellee in October 2001. That case was thus over long ago. A partial summary judgment in one case does not remain as an interlocutory order waiting to be appealed in a potential, future refiled suit. As such, appellant is contesting the propriety of an order that is not part of this action.
 {¶ 13} As appellee notes, the record in 98CV2489 is not before this court. It was not ordered for purposes of appeal, and it was not part of the record in 02CV961. Yet, every item pointed to in appellant's brief to support his assignment of error is from that record. The assignment of error presented in appellant's brief concerns judgments that are not part of the case before us. Thus, the brief does not present an issue appropriate for our review, and the assignment of error must be dismissed.
 {¶ 14} The judgment that could have been contested in this case is the June 21, 2002 partial dismissal entry in the 02CV961 case, which dismissed the breach of contract and intentional infliction claims. That interlocutory judgment of dismissal became final and appealable when appellant voluntarily dismissed his remaining claim with prejudice and the trial court entered "no just reason for delay" language regarding the employer's counterclaims.
 {¶ 15} In fact, appellant originally attempted to appeal that June 21, 2002 judgment. We dismissed that appeal since the wrongful discharge claim remained pending and there was no Civ.R. 54(B) language. Now, the wrongful discharge claim is no longer pending and there is "no just reason to delay" language regarding the counterclaim. Thus, rather than contesting judgments made in the 98CV2489 case, appellant should be contesting the judgments made in this case.
 {¶ 16} For instance, he could have argued that the trial court erred in dismissing claims based upon items outside the complaint and outside the record without converting the dismissal motion into a summary judgment motion. Or, he could have assigned as error that the trial court erred in finding that the prior summary judgment was res judicata because that prior summary judgment was not a final decision. The arguments needed to make either of these assignments of error are different than the arguments presented in the brief before us, which only deals with a record that was never made a part of this case.
 {¶ 17} Although we shall not raise his arguments for him, our discussion of one of appellee's arguments actually entails an analysis supporting appellant's position. Specifically, appellee contends that appellant's failure to appeal from the 98CV2489 case bars him from contesting the merits of his breach of contract and intentional infliction claims. However, appellee's argument is incorrect.
 {¶ 18} First, it is clear that appellant could not have appealed from the November 5, 2000 summary judgment because: it was a partial judgment leaving a pending wrongful discharge claim and counterclaims, it lacked "no just reason for delay" language, and it did not otherwise meet the criteria for a final appealable order. In fact, we dismissed a similar attempted appeal in 02CA131. Likewise, appellant could not have appealed the June 19, 2001 denial of his motion to reconsider an interlocutory order.
 {¶ 19} The question then remains whether the partial summary judgment became final when appellant voluntarily dismissed without prejudice his remaining claim in 98CV2489 and when appellee simultaneously dismissed its counterclaim. The Supreme Court has allowed a plaintiff to make a summary judgment for one defendant appealable by voluntarily dismissing its claims against the remaining defendants. Denham v. New Carlisle
(1999), 86 Ohio St.3d 594, 596 (but holding that a dismissal nullifies all claims against that party).
 {¶ 20} The Ninth District has previously extended that rule to allow the plaintiff to make a partial summary judgment final and appealable by voluntarily dismissing without prejudice the remaining claim against that same defendant. Addington v. Allstate (2001), 142 Ohio App.3d 677, 681;Ridgill v. Little Forest Med. Ctr. (June 28, 2000), 9th Dist. Nos. 19501, 19530. However, that court later realized the Supreme Court'sDenham decision could not be extended in such a manner, and that Denham
actually contained holdings directly contradicting any argument that the partial summary judgment becomes appealable in such a case. Andrefsky v.Shapiro, 9th Dist. No. 22052, 2004-Ohio-7174, ¶ 37, citing Jackson v.Allstate Ins. Co., 2d Dist. No. 20443, 2004-Ohio-5775, ¶ 24.
 {¶ 21} Specifically, the Supreme Court reiterated that a dismissal without prejudice leaves the affected parties as if no action had been brought. Denham, 86 Ohio St.3d at 596, quoting DeVille Photography, Inc.v. Bowers (1959), 169 Ohio St. 267, 272. Although a Civ.R. 41(A) voluntary dismissal without prejudice as to one defendant does not nullify interlocutory orders as to other defendants, it does nullify all claims brought against that one defendant. Id. at 596-597. As such, when the plaintiff voluntarily dismisses his remaining claim against a defendant after partial summary judgment was entered for that defendant, there is no remaining order that one could appeal; the prior orders were nullified and the action is as if it was never brought. Andrefsky, 9th Dist. No. 22052, citing Jackson, 2d Dist. No. 20443.
 {¶ 22} Thus, appellant could not have appealed from the voluntary dismissal without prejudice entered in 98CV2489 because that dismissal nullified all claims, including partial judgments on those claims. To the contrary, the dismissal in 02CV961 was with prejudice, making the interlocutory partial dismissals appealable. While the June 2002 dismissal decision was made appealable, appellant failed to utilize this appellate right in his brief herein. Rather, he focuses on items and arguments derived only from 98CV2489. Since that case and the decisions within it are nullities (and not appealable) we must dismiss the arguments presented.
 {¶ 23} However, we must remand this case to the trial court for further proceedings. The stipulated entry which created a final order in this case relied upon the desire of both parties to have certain issues determined on appeal. Appellant voluntarily dismissed his wrongful discharge case with prejudice only so that he could appeal his two main causes of action. He thus sacrificed that claim in order to avoid going through a lawsuit which he believed would have to be tried again upon our reversal of the dismissal of his breach of contract and/or intentional infliction claims. The stipulated entry expresses that it is in return for the ability to appeal the "summary judgment" entered as to the breach of contract and intentional inflictions claims. Yet, as set forth above, that summary judgment in 98CV2489 cannot be appealed, and, there was no summary judgment entered in 02CV961. As such, the stipulated entry is vacated, and the case can proceed in the trial court at the point prior to that entry.
 {¶ 24} Finally, we note that appellee asked for dismissal of the breach of contract and intentional infliction claims in 02CV961 rather than summary judgment. Additionally, the trial court granted dismissal without converting the motion into a motion for summary judgment and without supplementing the record in 02CV961. As appellee concedes, the record in 98CV2489 is not part of the within lawsuit. Consequently, we must presume that the trial court's dismissal in 02CV961 was based upon the doctrine of res judicata.
 {¶ 25} Since appellee's argument forced this court to declare that 98CV2489 was a nullity and contained no final orders, we are compelled to point out that our holding means that the decisions in that case could not be res judicata in any subsequent case, including 02CV961. In order to use res judicata to dismiss claims, there must be a final judgment on the merits. Grava v. Parkman (1995), 73 Ohio St.3d 379, 381-382. Where all claims against a defendant were voluntarily dismissed and thus all claims and interlocutory orders concerning that defendant were nullified, there was no final judgment on the merits. In other words, a judgment cannot have preclusive effect in the future where it has been nullified in the past.
 {¶ 26} Because the prior summary judgment in 98CV2489 was not a final judgment on the merits, the trial court in this case should reconsider its June 21, 2002 res judicata dismissal of the breach of contract and intentional infliction claims. A court can reconsider its interlocutory orders. Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 379-380
(while such a reconsideration motion is a nullity after final judgment has been entered, the trial court retains jurisdiction to reconsider an interlocutory order any time before the entry of final judgment in the case, either sua sponte or upon motion). See, also, Civ.R. 54(B) (stating that an interlocutory is subject to revision at any time where there are claims pending and the decision to be revised does not have "no just reason for delay" language). Since we vacated the stipulated entry, there is no final order in that case; hence, the June 21, 2002 dismissal of two claims remains interlocutory and capable of being reconsidered where the court could instruct the defendant to properly and fully submit a summary judgment motion and material on the matter.
 {¶ 27} For the foregoing reasons, appellant's assignment of error is dismissed, the stipulated entry is vacated, and this case is remanded for further proceedings.
Waite, J., concurs.
DeGenaro, J., concurs.