SHEAR, APPELLANT AND CROSS-APPELLEE, *v.* WEST AMERICAN INSURANCE CO., APPELLEE; NATIONWIDE MUTUAL INSURANCE CO., APPELLEE AND CROSS-APPELLANT.

[Cite as Shear *v.* West American Ins. Co. (1984), 11 Ohio St. 3d 162.]

(No. 83-1526—Decided June 20, 1984.)

*Lyons & Fries Co., L.P.A., Mr. James L. Lyons* and *Mr. William L. Ranaghan,* for appellant and cross-appellee.

*Messrs. Brumleve, DeCamp, Wood & Barron,* and *Mr. David Wade Peck,* for appellee.

*Droder & Miller Co., L.P.A., Mr. A. Dennis Miller* and *Mr. W. John Sellins,* for appellee and cross-appellant.

*Per Curiam.*

I

The first issue presented is whether there was sufficient evidence presented to support the trial court's determination that the West American insurance policy should be reformed to include Charles Shear as a named or designated insured on the grounds of mutual mistake. For the reasons that follow, this court holds that the court of appeals erred in reversing the trial court; the trial court's judgment was not against the manifest weight of the evidence.

The authority of an appellate court to reverse the judgment of a trial court based solely on a question of the sufficiency of the evidence has long been restricted. In *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261], this court so acknowledged and held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case * * * [shall] not be reversed as being against the manifest weight of the evidence." And, in the most recent case of *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 79-80, it was stated that, "[while] * * * in some instances an appellate court is duty-bound to exercise the limited prerogative of reversing a judgment as being against the manifest weight of the evidence in a proper case, it is also important that in doing so a court of appeals be guided by a presumption that the findings of the trier-of-fact were indeed correct." In the instant case, the court of appeals, in reversing the trial court, did not afford the factual finding and resultant judgment of the trial court the presumptions they deserved.

It should be noted at the outset that there is no dispute between the courts and the parties as to the proper legal standard to be employed in this case. Both the trial court and court of appeals found that, in order to grant reformation of the West American policy so as to include Shear as a named or designated insured on the grounds of mutual mistake, Shear had the burden of showing by clear and convincing evidence that a mutual mistake was made.

Rather, the disagreement between the courts and indeed the parties is more factual than legal in nature. The trial court found that there was a mutual mistake of fact as to whether coverage was intended for Shear, and listed the following among various facts in support: that Shear was the sole driver of the car and had it under his control at all times, that he undertook responsibility for maintaining and servicing and paying the insurance on the vehicle, that he was named on the original application for insurance

coverage, and that his name was subscribed to the application by the insurance agent.

The court of appeals concluded to the contrary, finding that while Shear "* * * may have been laboring under a mistake as to the policy coverage, no mistake was in existence as between the contracting parties, West American and Seven Hills." That court stressed that the *testimony* revealed that Seven Hills was primarily attempting to shield itself from liability from the use of the leased vehicle and that the insurance agent stated that the goal of the policy was only to protect Shear when he occupied the leased vehicle.

A review of the record in this case reveals that the trial court was presented with differing views of the facts of this case. In finding for appellant, the trial court necessarily found appellant's testimony and the documentary evidence submitted in support thereof to be the most credible. It is well-established that a reviewing court cannot and should not disturb the findings of a trial judge respecting credibility. See, *e.g., C. E. Morris Co.* v. *Foley Construction Co., supra.* This court has reviewed the record and finds, as evidenced in part by the facts enumerated by the trial court, that competent, credible evidence was presented to support the trial court's finding that there was a mutual mistake of fact as to coverage and hence reformation of the contract in favor of Shear was proper. Accordingly, the court of appeals erred when it held that the trial court's judgment was against the manifest weight of the evidence.

## II

The second issue presented is whether appellant constitutes an insured under the Nationwide policy issued to his son, Thomas Shear, so as to subject Nationwide to potential liability. This court holds that the lower courts properly found that appellant is an insured under the Nationwide policy.

The coverage grant under Nationwide's automobile policy issued to Thomas Shear for uninsured motorist protection is contained within the policy, providing in pertinent part as follows:

"COVERAGE

"Under this coverage, we will pay bodily injury damages that you or your legal representative are legally entitled to recover from the owner or driver of an uninsured motor vehicle. Damages must result from an accident arising out of the ownership, maintenance, or use of the uninsured vehicle. Bodily injury means bodily injury, sickness, disease, or death.

"Relatives living in your household also have this protection."

In the definitional section of the policy, the words "you," "your" and "your auto" are defined:

"1.   The words YOU and YOUR mean or refer to the policyholder first named in the attached Declarations, and include that policyholder's spouse if living in the same household.

"* * *

"4.   the words YOUR AUTO mean the vehicle or vehicles described in the attached Declarations."

The term "your household" or "household" is not, however, defined in the policy. Accordingly, the term "household" must be given its common, ordinary, usual meaning. (See, *e.g., McBride* v. *Prudential Ins. Co.* [1947], 147 Ohio St. 461 [34 O.O. 381].) "Household" is defined in Webster's Third New International Dictionary as "* * * those who dwell under the same roof and compose a family: * * * a social unit comprised of those living together in the same dwelling place * * *."

It is undisputed that appellant and his son live in the same house, that each is separately employed and non-dependent on the other, that each owns and separately insures his respective cars, that the son is fully emancipated, that the father is the exclusive owner of the house, and that the son had lived with his father since birth and always had full use of the house.

In light of the dictionary definition of "household," this court cannot find that the above-listed factors render appellant and his son members of separate, distinguishable households within the same house as Nationwide so urges. There is no evidence in the record of an arm's-length arrangement. Nor is there evidence that this arrangement was temporary in nature (cf. *Napier* v. *Banks* [1969], 19 Ohio App. 2d 152 [48 O.O.2d 263]). Rather, there is ample evidence to support the finding that the Shears are part of a family unit and are members of the same household and have been so for many years. Since appellant meets the policy coverage prerequisite of being a relative of the insured living in the insured's household, Nationwide is subject to potential liability.

### III

The third issue presented is whether the lower courts correctly held that, under the facts of this case, pre-judgment interest was inappropriate. This court, after a review of the record, likewise finds that appellant was not entitled to pre-judgment interest.

In denying pre-judgment interest, the trial court stressed that a money judgment was not requested in the complaint and that in a declaratory judgment action, an express demand for money or one construed as such must be asserted. The court of appeals likewise noted that there was no express or implied request for a money judgment and interest thereon in the prayer in this declaratory judgment action. That court also reasoned that since the trial court's award did not include a money judgment, there was no amount of money upon which interest could be computed, citing *Jeppe* v. *Blue Cross* (1980), 67 Ohio App. 2d 87 [21 O.O.3d 406].

This court is similarly impressed by the fact that Shear's request for relief contained no request for a money judgment and interest thereon. While it has been generally held that money judgments and concomitantly interest may be granted in declaratory judgment actions, such relief must be prayed for and warranted by the proof. (See, *e.g., American Life & Accident Ins. Co.* v. *Jones* [1949], 152 Ohio St. 287 [40 O.O. 326]; *Stephenson* v. *Equitable Life Assur. Soc.* [C.A. 4, 1937], 92 F. 2d 406.)

In addition, the fact that the trial court did not make a monetary award

cannot be ignored. Inasmuch as a money judgment was not rendered, there is no amount of money on which to compute the interest appellant seeks to have this court grant. Accordingly, this court concurs in the judgment of both of the lower courts in their denial of pre-judgment interest at this stage of the proceedings.

For the foregoing reasons, the judgment of the court of appeals is reversed in part and affirmed in part.

*Judgment reversed in part*
*and affirmed in part.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.