VISOCKY et al., Appellants,

v.

FARMERS INSURANCE OF COLUMBUS, Appellee.

[Cite as *Visocky v. Farmers Ins. of Columbus* (1994), 98 Ohio App.3d 118.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66356.

Decided Sept. 1, 1994.

*Stringer, Stringer & Gasior, John A. Gasior* and *Daniel Stringer,* for appellants.

*D. John Travis,* for appellee.

*Per Curiam.*

■ This accelerated appeal is from a declaratory judgment action by an insured against his insurer. The insured, Kenneth G. Visocky and his three children, plaintiffs-appellants, appeal the summary judgment in favor of Farmers Insurance of Columbus, defendant-appellee. The Visockys sought coverage for the wrongful death of Mary Visocky, Kenneth Visocky's mother. An uninsured/underinsured motorist struck her while she traversed a roadway near her home. The issue for this court is whether an insured son and his children are entitled to uninsured/underinsurance motorist coverage under R.C. 3937.18(A) for the wrongful death of the insured's parent, when the parent is not a household member. The Visockys assign the following errors for our review:

"I. The trial court erred in failing to grant summary judgment in favor of the plaintiffs, Kenneth G. Visocky, et al., pursuant to Rule 56(C) of the Ohio Rules of Civil Procedure, contrary to the express language of ORC Sec. 3937.18(A) and the law of the state of Ohio as set forth in *Sexton v. State Farm Mutual Auto. Ins. Co.* (1982), 69 Ohio St.2d 431 [23 O.O.3d 385, 433 N.E.2d 555].

"II. The trial court erred in granting summary judgment in favor of the defendant, Farmers Insurance Company of Columbus, finding that the victim was not an insured person according to the language of the plaintiffs' policy."

Having reviewed the record and the arguments of both parties, we find the Visockys' assignments of error are not well taken in light of this court's unreported decision in *Tavzel v. Aetna Life & Cas. Co.* (June 16, 1988), Cuyahoga App. No. 53931, unreported, 1988 WL 86717. We, therefore, affirm the trial court's summary judgment. The apposite facts follow.

On October 22, 1992, Mary Visocky was struck by an automobile while she was crossing the street near her home in Parma, Ohio. Mary Visocky died as a result of the accident. The driver of the automobile was George V. Perkins. The deceased's husband, George Visocky, filed a wrongful death action against Perkins. Perkins's insurance company, Victoria Fire and Casualty Company, settled the claim for the $25,000 limit of Perkins's insurance policy. George Visocky also settled with his insurance company, Celina Insurance, for the $50,000 limit of his underinsured motorists coverage.

Kenneth Visocky, the son of Mary Visocky, had two insurance policies with Farmers Insurance. They provided uninsured and underinsured motorists coverage up to $100,000 for each person and up to a maximum of $300,000 for each occurrence. The policy contains the following provision:

"We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.

"An insured person is defined as:

"a. You or a family member.

"b. Any other person while occupying your insured car.

"c. Any person for damages that person is entitled to recover because of bodily injury to you, a family member, or another occupant of your insured car."

Under these policies, Kenneth Visocky, individually, and on behalf of his children, Matthew, Mark, and Benjamin Visocky, sought underinsured motorists coverage for the wrongful death of Mary Visocky. Farmers Insurance denied coverage and Kenneth Visocky filed the declaratory judgment action *sub judice.* The parties filed cross-motions for summary judgment, the trial court granted summary judgment to Farmers Insurance, and this appeal followed.

■ The issue in this case is whether an insured son may recover from his insurer for the wrongful death of his parent by an underinsured motorist when that parent is not a member of the insured's household and is not covered under the insured's policy. The deeper issue, of course, is whether this limitation on coverage is valid under R.C. 3937.18(A)(1). The trial court held as a matter of law that the limitation was valid and that the insured son could not recover from his insurer because his mother was not a member of his household. We agree with the trial court and continue to adhere to the dictates of *Tavzel v. Aetna Life & Cas. Co.* (June 16, 1988), Cuyahoga App. No. 53931, unreported, 1988 WL 86717. However, we hope that the Supreme Court of Ohio will accept this case for review, if it is appealed.

Much disparity has occurred since the Supreme Court decided *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555. This disagreement has been held among reasonable minds who are prone to differ. Yet, one concern that *Sexton* did not address but *Hedrick v. Motorists Mut. Ins. Co.* (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840, did is whether R.C. 3937.18(A)(1) is absolute or there are legitimate limitations on coverage. In *Hedrick,* the Supreme Court held that a non-covered-vehicle exclusion was a legitimate limitation on coverage as set forth in R.C. 3937.18(A)(1). *Hedrick* caused other courts to ponder other legitimate limitations.

In *Tavzel*, this court held that a non-member-of-household limitation is legitimate under R.C. 3937.18(A)(1), especially when the insured is not legally obligated to pay for the expenses of the injured party, which was the case in *Sexton.*

Since *Tavzel*, many courts have differed on this issue. As recently as 1991, in a case with identical facts to this case, the Franklin County Court of Appeals, in a reported decision, held that an insured son could recover under his underinsured motorist coverage for the death of his mother, who was struck and killed by an uninsured motorist, even though the mother was not insured under the policy or a member of the son's household. *Barr v. Ins. Co. of N.Am.* (1991), 72 Ohio App.3d 595, 595 N.E.2d 531. In that case, the court failed to view any limitations on R.C. 3937.18(A)(1).

Consequently, we continue to march to the drum beat of *Tavzel*, wanting to know if our path is misguided.

*Judgment affirmed.*

PATTON, P.J., BLACKMON and KRUPANSKY, JJ., concur.