**STILL**

v.

**FOX et al.**

Hamilton County Municipal Court.

No. 93–CV–30549.

Decided Sept. 12, 1994.

*Fox & Fox, L.P.A.,* and *Bernard C. Fox, Jr.,* for plaintiff.

*Patrick C. Fox, pro se.*

*Lisa A. Love,* for supplemental defendant Cincinnati Insurance Company.

MARK P. PAINTER, Judge.

## I

### Introduction and Facts

Plaintiff, Murray Still, owns a snowmobile which he loaned to a friend, defendant Patrick Fox, an adult. Defendant wrecked the snowmobile. Plaintiff obtained a judgment against defendant for the damage and now asks this court to order defendant's father's homeowner's insurance carrier to pay the judgment. The issue is whether damage to a borrowed snowmobile caused by an adult child vacationing at his father's cabin is covered by the liability provision of the father's homeowner's insurance.

Defendant Patrick Fox is a forty-three-year-old Cincinnatian who maintains his own residence. Defendant's father owns a cabin in Canada, where two or three times a year defendant vacations for a few weeks at a time. Defendant also stores winter clothing, fishing gear, and a boat at the cabin year-round. While vacationing there, defendant borrowed plaintiff's snowmobile and wrecked it. Plaintiff obtained a judgment against defendant for damage to the snowmobile in the amount of $3,806.79. Plaintiff has filed this supplemental action against Cincinnati Insurance Company ("CIC"), the company which insures the father's cabin under a homeowner's policy, alleging that the liability portion of the policy covers this loss. The facts not being in dispute, both parties have filed motions for summary judgment.

CIC argues that it is not liable for the judgment because defendant Patrick Fox does not come within the definition of "insured" in the policy. CIC also contends that even if defendant comes within the definition of "insured," damage to the snowmobile would not be covered due to an exclusion in the policy. As Simon and Garfunkel would say, "any way you look at it you lose."

## II

### Definition of "Insured"

In order to be an insured under the policy, the individual must be both a relative of the named insured, and a resident of the named insured's household (other persons might be insureds under the policy, but defendant would be in this category, if any). There is no dispute that Patrick Fox is a relative of the named insured—the question is whether defendant is a "resident" of the named insured's "household." The policy does not define "resident" or "household," probably because the words seem clear.

The Ohio Supreme Court has defined a household as "those who dwell under the same roof and compose a family: * * * a social unit comprised of those living together in the same dwelling place * * *." *Shear v. West* (1984), 11 Ohio St.3d 162, 166, 11 OBR 478, 481, 464 N.E.2d 545, 548. An appellate court has stated that "resident of your household" refers to one who lives in the home of the named insured for a period of some duration or regularity, although not necessarily permanently, but not a temporary or transient visitor. *Farmer's Ins. of Columbus, Inc. v. Taylor* (1987), 39 Ohio App.3d 68, 70, 528 N.E.2d 968, 969. CIC argues that the home of the named insured, defendant's father, is located in Cincinnati and is separate and distinct from the defendant's—defendant is not a resident of insured's "household" in Cincinnati, so neither is he a resident of the household at the cabin in Canada. CIC asserts that defendant was merely vacationing at his father's cabin, and is only a temporary or transient visitor.

Plaintiff contends that Ohio case law permits an individual to have dual residency, meaning that an individual can be considered the resident of two separate named insureds' households. See *Farmer's Ins. of Columbus, Inc. v. Taylor, supra.* Plaintiff argues that defendant is covered under the policy because he has established dual residency—not only is he a resident of his own household in Cincinnati, but he has also established himself as a resident of his father's household through his annual vacations to the cabin over the past twenty-two years.

While it is true that some Ohio courts have permitted "dual residency," these cases have involved minor children of divorced parents. In those cases, the courts have held that the child may be a resident of both the custodial and non-custodial parents' households and is an insured under each parent's homeowner's insurance policy. See *Farmer's Ins. of Columbus, Inc. v. Taylor, supra; Snedegar v. Midwestern Indemn. Co.* (1988), 44 Ohio App.3d 64, 541 N.E.2d 90, jurisdictional motion overruled (1988), 37 Ohio St.3d 712, 532 N.E.2d 142. For a good discussion of these cases, see *Brooks v. Progressive Specialty Ins. Co.* (July 20, 1994), Summit App. No. 16639, unreported, 1994 WL 376768.

This court is not persuaded by plaintiff's reasoning and has not discovered any Ohio cases where dual residency has been applied to an emancipated adult child. Ohio cases with facts similar to ours have held that an adult child was not a resident of the named insured's household, even though the child received his mail there, kept personal belongings there, and spent leisure time there. See *Erie Ins. Group v. McCoy* (Jan. 9, 1992), Franklin App. No. 91AP–631, unreported, 1992 WL 4857. See, also, *Rice v. Jodrey* (1984), 19 Ohio App.3d 183, 19 OBR 290, 482 N.E.2d 1313; *State Farm Mut. Fire & Cas. Co. v. Davidson* (1993), 87 Ohio App.3d 101, 621 N.E.2d 887, jurisdictional motion overruled (1993), 67 Ohio St.3d 1438, 617 N.E.2d 688. Additionally, in *Sembric v. Allstate Ins. Co.* (Fla.App.1983), 434 So.2d 963, review denied (1984), 443 So.2d 980, a Florida court held that an uncle who lived in Ohio but visited a nephew in Florida seven weeks a year was *not* a resident of the nephew's household for insurance purposes. Here, we have a forty-three-year-old adult child who maintains his own residence in Cincinnati separate from his father's Cincinnati residence. Furthermore, defendant is not at the cabin to reside for some period of time, but rather to spend his vacation. Clearly, then, defendant is not a "resident" of the named insured's "household."

## III

### Exclusion

■ Second, CIC argues that even if defendant were an "insured" under the policy, an exclusion in the policy applies to defendant's use of the snowmobile. The language CIC relies upon states that liability coverage does not apply to "property damage to property rented to, occupied or used by, or in the care of the insured." CIC maintains that defendant was *using* the snowmobile at the time it was damaged and therefore any recovery for any damage to the borrowed snowmobile is excluded by this clause.

Plaintiff does not dispute that if the defendant is considered "the insured," then the exclusion is applicable and the damage to the snowmobile is not covered. However, plaintiff contends that there is a distinction between the terms "the insured" and "an insured." Plaintiff's argument is that "the insured" specifically refers to the "named insured," while the term "an insured" refers to anyone who comes within the definition of "insured" under the policy. Following this line of reasoning, the exclusion would apply only to the "named insured" and not the defendant.

The terms "the insured," "an insured," and "any insured" are used throughout the policy. These terms are not separately defined in the definition section, nor are the terms addressed in any of the other sections. No doubt the use of the different articles "the" or "an" and the adjective "any" to modify the term

"insured" adds confusion to an already complex document. There may in fact be a reason for the distribution of the above articles and adjective throughout the policy, but this court cannot determine any and the use appears to be random. However, defining these terms in the manner plaintiff proposes defies logic. To use the terms "the insured" and "an insured" as plaintiff has defined them, the defendant's father would be subject to the exclusion, while the defendant, "an insured," would receive coverage. In other words, "the insured" who pays the premiums would be excluded from coverage under the policy while "an insured" would be covered. This result could not be intended by the insurance company or the insured. The only reasonable interpretation is that "insured" is defined as the insured, a spouse, and any relative of the named insured that is *also* a resident of named insured's household regardless of whether the term "insured" is modified by "the," "an," or "any." All simply refer to those individuals which come within the definition of "insured" under the policy.

There is no ambiguity—the meaning is clear to anyone—plaintiff has only creatively asserted a convoluted interpretation to support his desired result. Selling such is good lawyering, buying it would be bad judging.

## IV

### Conclusion

This case could be characterized as "there should be insurance somewhere." Perhaps so, but it just isn't here. Perhaps the snowmobile could have been scheduled property under plaintiff's homeowner's or other property insurance. However, most personal property is not covered for accidental damage. If one drops or breaks a television or stereo or other item of unscheduled personal property no insurance pays—and perhaps most people would not wish to pay a premium to cover such mishaps. Perhaps not every event should be covered by insurance, only perils or events insured against.

While a court should never hesitate to interpret a policy against the drafter, or to decide close questions in favor of coverage, *State Farm Mut. Fire & Cas. Co. v. Davidson, supra,* courts should neither create coverage from whole cloth nor imagine ambiguity where none exists. *Fuerstenberg v. Mowell* (1978), 63 Ohio App.2d 120, 17 O.O.3d 306, 409 N.E.2d 1035.

Summary judgment is proper where there is no genuine issue as to any material facts and reasonable minds can come to but one conclusion. *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 24 OBR 426, 494 N.E.2d 1101. In this case, there is no dispute as to the material facts and only one conclusion is possible. Even though defendant is a relative of the named insured, defendant is not a "resident of the

named insured's household." Because defendant does not come within the definition of "insured" under defendant's father's homeowner's insurance policy, CIC has no obligation to pay the judgment entered against defendant Patrick Fox. Second, even if defendant were an "insured" under the policy, the exclusion is applicable, and damage to the borrowed snowmobile is not covered under the policy. Therefore, plaintiff's motion for summary judgment is overruled and CIC's motion for summary judgment is granted.

*Plaintiff's motion for summary judgment overruled; supplemental defendant's motion for summary judgment granted.*