**FRIERSON et al.**

**v.**

**NATIONWIDE INSURANCE COMPANY.**

Court of Common Pleas of Ohio,
Medina County.

No. 96 CIV 0450.

Decided Oct. 22, 1997.

*Robert B. Campbell,* for plaintiffs Robert D. and Mary Frierson.

**6**

*Timothy D. Johnson,* for defendant Nationwide Insurance Company.

———————

JAMES L. KIMBLER, Judge.

Both parties to this action for declaratory judgment have moved for summary judgment in their favor.

On May 8, 1997, counsel filed with the court stipulated statement of facts.

■ Plaintiffs seek compensation under their automobile insurance policy uninsured/underinsured motorist provisions for the wrongful death of their granddaughter in an automobile accident with an uninsured driver.

Plaintiffs' insurance policy limits uninsured motorist coverage to bodily injury suffered by the insured or a relative.

■ The court finds that the above provision is a valid limitation under R.C. 3937.18. *Brown v. Allstate Ins. Co.* (1991), 81 Ohio App.3d 87, 610 N.E.2d 478; *Visocky v. Farmers Ins. of Columbus* (1994), 98 Ohio App.3d 118, 648 N.E.2d 6.

"Relative" is defined in the policy as "one who regularly lives in your household and who is related to you by blood, marriage, or adoption (including a ward or foster child). A relative may live temporarily outside your household."

There is no dispute that the deceased granddaughter is related by blood to the insureds.

"Household" is not defined in the policy, so it is to be given its common, ordinary, and usual meaning. That definition is found in Webster's Third International Dictionary as "those who dwell under the same roof and compose a family." That definition was approved in *Shear v. W. Am. Ins. Co.* (1984), 11 Ohio St.3d 162, 11 OBR 478, 464 N.E.2d 545.

Occasional, irregular, or inconsistent visits do not a household member make. *Napier v. Banks* (1969), 19 Ohio App.2d 152, 48 O.O.2d 263, 250 N.E.2d 417; *State Farm Fire & Cas. Co. v. Davidson* (1993), 87 Ohio App.3d 101, 621 N.E.2d 887. Under the plaintiffs' insurance policy, all household members are "relatives," but not all "relatives" are household members. Whether a relative is a household member depends on the ties the relative has to the household—not ties in an emotional sense, but ties in the sense of living in the household. In this case, the ties are not sufficient to make the decedent a "household" member.

In making this ruling, the court has reviewed the recent case of *Holt v. Grange Mut. Cas. Co.* (1997), 79 Ohio St.3d 401, 683 N.E.2d 1080. That case held that if the decedent was an "insured" under an uninsured motorist policy, then the personal representative of such an decedent could recover for the wrongful death against the insurance company that wrote the decedent's policy on behalf of two

sons of Holt, even though they were not living in the decedent's household at the time of his death.

The effect of *Holt* is to put the decedent's personal representative in the same situation that the decedent would have been in if the decedent had not died, but instead had just been injured. In such a case, the decedent could recover under his uninsured motorist policy.

*Holt* points out that former R.C. 2125.01 provided that the personal representative is entitled to bring an action for wrongful death that the decedent could have brought if he/she would have lived. Holding that if the decedent could have brought the action for uninsured motorist coverage, the personal representative of the decedent can also, furthers that policy.

*Holt* does not, however, hold that a beneficiary of the decedent can recover even if the decedent could not. It does not extend coverage by abrogating the definition of "relative" or "household." Those definitions were not in question in *Holt* because the decedent was the named insured under the policy.

Here the decedent is not the named insured, and, as pointed out above, the court finds that she was not a member of the plaintiffs' household.

Based upon the evidence allowable pursuant to Civ.R. 56(C), the court finds that there is no genuine issue of material fact upon which reasonable minds could differ. Defendant is entitled to judgment as a matter of law.

The court grants defendant's motion for summary judgment.

The court denies plaintiffs' motion for summary judgment.

Judgment to defendant.

Costs to plaintiffs.

IT IS SO ORDERED.

*Judgment accordingly.*