DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Kathi Raines ("Raines") has brought this appeal from a summary judgment in Wayne County Court of Common Pleas in favor of her insurance company, Erie Insurance Group ("Erie"), on her claim based on the underinsured motorist clause of her insurance policy.[1]
The trial court determined that Virginia Lozier ("Lozier"), an elderly woman with whom Raines lived, was not Raines' ward and that because of this Lozier was not covered by the underinsured motorist clause in Raines' insurance policy. Raines has asserted that the trial court erred in granting Erie's motion for summary judgment.[2]
 I
Raines is the Executrix of the Lozier's estate and sole beneficiary under her will. Lozier died as a result of a motor vehicle accident in 1995, which was negligently caused by Willie J. Florence ("Florence") an underinsured motorist. Lozier was neither a named insured person under the insurance policy issued to Raines, nor was she driving in a car covered by Raines' policy.
Lozier had no family relation to Raines, but was a "grandmother figure" to Raines' daughters and they shared the same household. Raines and her daughters moved into Lozier's two bedroom home with her in 1991, after living in "10 or 12 different places," since 1984 when her husband lost his job. Raines moved in because Lozier had broken her hip, for a second time, during her recovery from a mastectomy. Her doctor suggested that "he was going to place her in a nursing home, because she did not have any family, and he no longer wanted her to live by herself." When Raines moved in, she and Lozier agreed that she would take care of Lozier and pay for utilities and groceries in exchange for living there without paying rent. Care included the performance of such services as shopping, cleaning, driving, monitoring blood sugar, administering insulin, and managing financial affairs.
Even though Lozier needed the care that Raines provided, Raines agreed that Lozier was "competent" and described her as a "free, retired woman" who was "vibrant and full of life[.]" Approximately five months after a third hip surgery in 1992, Lozier was driving again. Lozier drove until shortly before her fatal accident, when her doctor ordered her to stop driving and Raines "took her car away from her." Lozier had a boyfriend with whom she spent considerable time. There were days when "she'd get up before [Raines] did in the morning [and] not get home until [Raines] went to bed."
At the time of the accident, Lozier was on her way to a doctor's appointment with Florence. Because Lozier had a tendency to ignore her doctor's instructions, Raines normally accompanied her to medical appointments. This time, however, Lozier had made her own arrangements for Florence to pick her up and drive her to her appointment.
After the traffic accident, Raines brought a claim against Erie, seeking coverage for Lozier as a "relative." The definition of relative includes a "ward" under the care of the insured. The word "ward" was an undefined term in the policy. Erie denied coverage to Raines. That denial resulted in the action below.
 II
In reviewing a trial court's grant of summary judgment, this Court applies the same test a trial court is required to apply in the first instance. See Berdyck v. Shinde (1993), 66 Ohio St.3d 573,578. Summary judgment is appropriate if our review of the information that was properly before the trial court establishes that:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327; VanFossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 117.
Here, there is no factual dispute. Although each party would emphasize different facts, all of the facts asserted describing the relationship between Lozier and Raines are taken from Raines' deposition. Erie did not dispute the facts asserted by Raines. Both parties agreed as to the existence and content of the insurance contract. Because Raines deposition was the sole testimony, it was by its nature presented in a manner most strongly in favor of the party against whom summary judgment was sought. Accepting her testimony as true this leaves, as the sole matter before this court on review, whether Erie was entitled to judgment as a matter of law.
The interpretation of an insurance contract is a question of law, not fact. Leber v. Smith (1994), 70 Ohio St.3d 548, 553. When a term is not defined within an insurance policy, that term is to be given its "common, ordinary, usual meaning." Shear v.West American Ins. Co. (1984), 11 Ohio St.3d 162, 166. The trial court defined "ward" as "a person under the protection or control of another, whether legal or not." Implicit in the trial court's decision is the understanding that the ward is incapable of managing his or her own affairs. This is consistent with the ordinary meaning of the word "ward." See Webster's Third New International Dictionary (1993) 2575 (using the phrase "minority, lunacy, or other incapacity"); Black's Law Dictionary (6 Ed.Rev. 1990) 1583 (using the phrase "a person, especially a child or incompetent"). It is also consistent with the Ohio Legislature's definition of "ward" with respect to guardianship, which is premised upon the minority or incompetence of the ward. R.C. 2111.01(B); R.C. 2111.50(B).
We find that a necessary element of the ordinary meaning of "ward" is that the ward is incapable of managing her own affairs. The undisputed facts in this case do not support a conclusion that Lozier was Raines' ward at the time of her death. The arrangement between Lozier and Raines was one of affection and practicality. The two women formed a bond during the years when Lozier was a babysitter for Raines' children. Following her mastectomy and hip surgery in 1991, Lozier was faced with the prospect of moving into a nursing home because she was incapable of doing some of the physical tasks necessary for independent living. Lozier owned a home that was large enough to share, and Raines had moved ten to twelve times since 1984, when her husband lost his job. Raines moved in with Lozier, exchanging rent for physical care. In short, the two women chose to live together in a way that met their respective needs.
The arrangement apparently worked well, and continued until Raines' death in 1995. By sometime in 1992, Lozier had been through, and recovered from, a third hip surgery and had returned to a full life. She had resumed driving, spending time with her boyfriend, and going to auctions. Raines presented no testimony that would indicate that Lozier was incompetent, or incapable of managing her own affairs. Rather, she specifically described Lozier as "competent." Aside from Lozier's tendency to ignore her doctor's orders, Raines' testimony describes a woman who, until the last moment of her life, was capable of either caring directly for herself or of arranging for that care to be done by others. Lozier's choice to rely on Raines, rather than to hire a visiting nurse, bookkeeper, or other assistants, does not transform her into Raines' ward.
 III
Raines' assignment of error is overruled because, accepting the facts testified to by Raines, as a matter of law Lozier is not Raines' ward. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellants.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT CARR, J.
BATCHELDER, J.
CONCUR
[1] Kathi Raines was one of five original plaintiffs and Erie Insurance Group was one of two defendants. The summary judgment disposed of the claims between Raines and Erie. That order was made final by the explicit finding that "there is no just reason for delay," as required by Civ.R. 54(B).
[2] The actual error Raines asserted was that summary judgment was inappropriate in the face of "questions of material fact" as to whether Lozier was Raines' ward for purposes of Raines underinsured motorist coverage. Here there were no disputed facts, material or otherwise." See infra at.