OPINION
Plaintiff-appellant Linda Grant ("Grant") brings this appeal from the judgment of the Common Pleas Court of Defiance County granting summary judgment to defendant-appellee West American Insurance Company ("West").
On July 12, 1996, Allen R.Ladd's vehicle struck Grant's vehicle in Fort Wayne, IN. Ladd was insured by Progressive Insurance Company with policy limits of $15,000 per person and $30,000 per accident. Under Indiana law and the provisions in Ladd's policy, the limits were converted to the minimum requirements of $25,000 per person and $50,000 per accident. On December 18, 1998, Progressive and Grant reached a full and final settlement for the policy limits of $25,000.
On July 9, 1998, Grant filed a complaint against West for payment of an underinsured motorists claim. Grant claimed additional coverage under her mother's policy with West claiming that she was an insured household member. The policy under which the claim was made was effective as of August 1, 1995. At the time of the accident, Grant's mother, Ethel McDougall ("McDougall") resided with Grant and her husband. On February 1, 2002, the trial court granted summary judgment to West holding that Grant was not a covered household member under the terms of the policy. It is from this judgment that Grant appeals.
Grant raises the following assignment of error:
 The trial court erred in finding that no [underinsured motorist] coverage exists for the members of Grant's family.
 The West insurance policy provides in pertinent part as follows.
 "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household.
* * *
 A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "[underinsured] motor vehicle" because of "bodily injury:"
1. Sustained by an "insured;" and
2. Caused by an accident.
* * *
B. "Insured as used in this Part means:
1. You or any "family member."
West Insurance Policy, 2-5. This policy provided coverage limits of $50,000 per person and $100,000 per accident.
Here, the primary insured party under the West policy is McDougall. The evidence is clear that McDougall and Grant are related by blood and reside in the same house. Thus, the only remaining issue is whether McDougall and Grant are members of the same household. The term "household" is not defined in the policy. However, the Supreme Court of Ohio has defined it as "those who dwell under the same roof and compose a family: * * * a social unit comprised of those living together in the same dwelling place * * *." Shear v. West American Ins. Co. (1984),11 Ohio St.3d 162, 166, 464 N.E.2d 545, 548.
In Shear, the Supreme Court concluded that an adult child who is fully emancipated and resides with his father was an insured under his father's policy. This was found to be the case even though the parties were economically independent from each other. The Court held that absent evidence of an arm's length arrangement or that the arrangement was temporary, the son was entitled to coverage. Id. Here, the trial court held that an arm's length arrangement existed solely because the parties were economically independent of each other. Since McDougall paid a third of the total rent and utilities and lived her own life, the court concluded that she was nothing more than a tenant. However, there was also testimony that the reason McDougall came to live with Grant was because her husband died and she wanted to be close to her daughter. Grant and her husband both testified that the only reason McDougall paid part of the utilities was because she wanted to do so, not because it was requested. Thus, a disputed issue of material fact exists as to whether McDougall and Grant reside in the same household and are thus family members pursuant to the definition set forth in the West policy.
Grant also claims that her husband's loss of consortium claim should not be consolidated with her claim for bodily injury. The West policy provides as follows:
 "Bodily injury" means bodily harm, sickness or disease, including death that results.
* * *
 The limit of bodily injury liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:
1. "Insureds;
2. Claims made;
West Policy, 2, 6. The Supreme Court held that R.C.3937.18 permits the insurer to consolidate all individual claims arising from bodily injury to a single person to one claim. Clark v. Scarpelli
(2001), 91 Ohio St.3d 171, 271, 744 N.E.2d 719. Since the policy limits the recovery to one claim, Grant's husband is not entitled to an additional claim for loss of consortium.
Since a genuine issue of material fact exists, granting summary judgment to West is inappropriate. The first assignment of error is sustained. The judgment of the Court of Common Pleas of Defiance County is reversed and the cause remanded for further proceedings.
HADLEY and SHAW, JJ., concur.