[Cite as *Doe v. Magro*, 2014-Ohio-1202.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JANE DOE, Individually and as mother and next of friend for L.O., a minor, | : | APPEAL NO. C-130409 TRIAL NO. A-1007235 |
| | : | |
| Plaintiff, | | *O P I N I O N.* |
| | : | |
| and | | |
| | : | |
| L.O., | | |
| | : | |
| Plaintiff-Appellant, | | |
| | : | |
| vs. | | |
| | : | |
| SALVATORE MAGRO | | |
| | : | |
| and | | |
| | : | |
| JENNIFER MAGRO, | | |
| | : | |
| Defendants, | | |
| | : | |
| vs. | | |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY, | : | |
| | | |
| Intervenor-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 26, 2014

*Hawley Law Co., LPA,* and *Kenneth G. Hawley*, for Plaintiff-Appellant,

*Rendigs, Fry, Kiely & Dennis, LLP*, and *John F. McLaughlin* for Intervenor-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**HENDON**, **Judge.**

{¶1}    Plaintiff-appellant L.O. appeals from the trial court's judgment entering summary judgment in favor of intervenor-appellee State Farm Fire and Casualty Company ("State Farm").   For the following reasons, we reverse the trial court's judgment and remand this cause for further proceedings.

## Facts

{¶2}    Jennifer Magro had been L.O.'s junior-high-school teacher.  Jennifer and L.O. became close, and Jennifer took a special interest in L.O.'s school work and in her somewhat troubled home life.  In August 2009, because of problems at home, L.O. began living with Jennifer and her husband, Salvatore Magro, in the Magros' home. Jane Doe, L.O.'s mother, agreed to this arrangement and signed a document that Jennifer had prepared essentially giving Jennifer and Salvatore a temporary, de facto guardianship of L.O.

{¶3}    Approximately one month after L.O. had moved into the Magros' home, Salvatore and L.O. began a sexual relationship.  L.O. was 14 years old.  Jennifer denies knowledge of this relationship but, for reasons that are not entirely clear, on April 18, 2010, Jennifer told L.O. that she had to move out of the Magros' home.

{¶4}    L.O. left the Magros' home on April 18, 2010, and Salvatore apparently left with her.  For the next several days, L.O. and Salvatore stayed together at a Holiday Inn Motel.  After Salvatore and L.O. left the motel, they began living with Doe in Doe's home.  L.O. explained to her mother that Salvatore and Jennifer were divorcing and that Salvatore needed a place to stay until he found an apartment to rent.

{¶5}    Doe had initially intended to allow L.O. to move with Salvatore into his apartment when Salvatore found one. Doe believed that L.O. had been doing well under

Jennifer's and Salvatore's care and therefore was willing to consider keeping a similar arrangement with Salvatore, only. Within a few weeks, however, Doe became suspicious of Salvatore's relationship with her teenaged daughter. Salvatore soon after confessed to his illicit relationship with L.O. He later pleaded guilty to three counts of unlawful sexual conduct with a minor.

{¶6} Doe subsequently sued Jennifer and Salvatore in her individual capacity and on behalf of L.O. The Magros' homeowner's insurance company, State Farm, intervened and moved the trial court for summary judgment on its declaratory judgment claim that it had no duty to defend or to indemnify the Magros in this lawsuit. Doe and L.O. opposed the motion, but did not move for summary judgment.

{¶7} The trial court ruled in favor of State Farm. It determined that L.O. met the definition of an "insured" under the Magros' policy because she and Salvatore were members of the same household and because L.O. was in Salvatore's care at all relevant times. Since the policy excluded coverage for claims brought by one insured against another, the court held that State Farm had no duty to defend or indemnify Jennifer or Salvatore. L.O. now appeals.

## Standard of Review

{¶8} Our review of summary judgment is de novo. *Brown v. Lincoln Hts.*, 195 Ohio App.3d 149, 2011-Ohio-3551, 958 N.E.2d 1280, ¶ 7 (1st Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**Interpretation of the Magros' Policy**

{¶9}   The Magros' homeowner's policy defines "insured" as follows:

"Insured" means you and, if residents of your household:

(a) your relatives; and

(b) any other person under the age of 21 who is in the care of a person
    described above.

{¶10}  In her first assignment of error, L.O. argues that the trial court's interpretation of the phrase "resident of your household" was erroneous, and that the trial court erred when it determined that L.O. met this definition after she left the Magros' home on April 18, 2010.  L.O. is correct.

{¶11}  An insurance policy is a contract between the insurer and the insured. *Nationwide Mut. Ins. Co. v. Marsh*, 15 Ohio St.3d 107, 109, 472 N.E.2d 1061 (1984). Therefore the interpretation of an insurance policy is determined using the rules of construction applicable to contracts in general. *Gomolka v. State Auto. Ins.* Co., 70 Ohio St.2d 166, 167, 436 N.E.2d 1347 (1982); *Equity Diamond Brokers, Inc. v. Transnatl. Ins. Co.*, 151 Ohio App.3d 747, 2003-Ohio-1024, 785 N.E.2d. 816, ¶ 10 (1st Dist.). Where a policy's provisions are unambiguous, courts must apply the terms as written and may not enlarge the contract by implication to embrace an object distinct from that contemplated by the parties. *Gomolka* at 168; *Equity Diamond Brokers* at ¶ 11.

**"Resident of your Household"**

{¶12}  The terms "resident" and "household" are not defined in the Magros' policy.  We therefore give these words their plain meaning.  *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995).  The plain

4

meaning of "resident" is "[a] person who lives in a particular place." *Black's Law Dictionary* 1335 (9th Ed.2009). The plain meaning of "household" is "those who dwell under the roof and compose a family: * * * a social unit comprised of those living together in the same dwelling place * * *." *Shear v. W. Am. Ins. Co.*, 11 Ohio St.3d 162, 166, 464 N.E.2d 545 (1984), quoting *Webster's Third New International Dictionary.*

{¶13} In this case, the trial court cited the definition of "household" to conclude that, because L.O. and Salvatore were living in the same place after April 18, 2010, L.O. remained an insured under Salvatore's policy. But the terms of the Magros' policy state that, to be considered an "insured," an individual must be a resident of "your" household. "Your" is defined in the policy as "the 'named insured' shown in the Declarations." The named insureds in the policy's declarations were Salvatore and Jennifer Magro. Interpreting identical language in a similar insurance policy, this court held that, to be considered "a resident of your household," an individual must live *in the home of the named insured* for a period of some duration or regularity. *Clifton v. Martin,* 1st Dist. Hamilton No. C-950376, 1996 Ohio App. LEXIS 256, *4-5 (Jan. 31, 1996), citing *Still v. Fox,* 67 Ohio Misc.2d 67, 69, 644 N.E.2d 1133 (1994) and *Farmers Ins. of Columbus, Inc. v. Taylor,* 39 Ohio App.3d 68, 70, 528 N.E.2d 968 (10th Dist.1987). And we note other appellate districts have interpreted the phrase at issue in the exact same manner. *See Motorists Mut. Ins. Co. v. Henderson,* 8th Dist. Cuyahoga No. 85557, 2005-Ohio-5148; *Auto-Owners Ins. Co. v. Merillat,* 167 Ohio App.3d 148, 2006-Ohio-2491, 854 N.E.2d 513 (6th Dist.); *Allstate Indemn. Co. v. Collister,* 11th Dist. Trumbull No. 2006-T-0112, 2007-Ohio-5201; *Keith v. State Farm Ins. Co.,* 5th Dist. Knox No. 06 CA 9, 2007-Ohio-1878; *McDaniel v. Daly,* 2d Dist. Montgomery No. 22453, 2008-Ohio-2080; *Nationwide Ins. Co. v. Alli,* 178 Ohio App.3d 17, 2008-Ohio-

4318, 896 N.E.2d 742 (7th Dist.); *Allstate Ins. Co. v. Eyster*, 189 Ohio App.3d 640, 2010-Ohio-3673, 939 N.E.2d 1274 (3d Dist.); *Grange Mut. Cas. Co. v. Norton*, 9th Dist. Medina No. 10CA0105-M, 2011-Ohio-6195.

{¶14} Applying the proper interpretation of this phrase to the record before us, we hold that genuine issues of fact remain as to whether L.O. was living in Jennifer's or Salvatore's home after April 18, 2010. The trial court therefore erred in entering summary judgment in favor of State Farm. L.O.'s first assignment of error is sustained.

## "In the Care of"

{¶15} In L.O.'s second assignment of error, she argues that the trial court erred when it determined that L.O. had met the second part of the definition of an "insured," i.e., that L.O. had been "in the care of" a named insured. "Care" is not defined in the Magros' policy. The plain meaning of "care" is "a person's giving attention both to possible dangers, mistakes, and pitfalls and to ways of minimizing those risks." *Black's Law Dictionary* 225 (9th Ed.2009).

{¶16} L.O. is correct that genuine issues of fact remain concerning whether she was in Salvatore's care after April 18, 2010. Salvatore had been in an illicit, sexual relationship with L.O. at that time. Also, L.O. was living in her mother's home a few days after leaving the Magros' home. L.O.'s second assignment of error is therefore sustained.

## Conclusion

{¶17} In sum, construing the evidence in a light most favorable to L.O., we hold that there are genuine issues of material fact as to whether L.O. was an "insured" after she moved out of the Magros' home on April 18, 2010. We therefore reverse the trial court's judgment and remand this cause for further proceedings.

6

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.