[Cite as *Lowe v. Farmers Ins. of Columbus, Inc.*, 2017-Ohio-8406.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105558**

# SUE LOWE

PLAINTIFF-APPELLEE

vs.

# FARMERS INSURANCE OF COLUMBUS, INC., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-859307

**BEFORE:** Blackmon, J., Keough, A.J., and Boyle, J.
**RELEASED AND JOURNALIZED:** November 2, 2017

**ATTORNEY FOR APPELLANTS**

Craig S. Cobb
Law Offices of Craig S. Cobb
P.O. Box 258829
Oklahoma City, OK 73125


**ATTORNEY FOR APPELLEE**

Dean Nieding
Richard C. Alkire
Alkire & Nieding, L.L.C.
200 Spectrum Building
6060 Rockside Woods Blvd.
Independence, OH 44131


**Also Listed:**

**A & M Floors**

James E. Featherstone
Law Office of Gary L. Grubler, Esq.
585 South Front Street, Suite 210
Columbus, OH 43215

**State Farm Mutual Automobile Insurance Co.**

Sean M. Kenneally
Terrence J. Kenneally
Terrence J. Kenneally & Associates Company
River Terrace Building
19111 Detroit Road, Suite 200
Rocky River, OH 44116

PATRICIA ANN BLACKMON, J.:

**{¶1}** Farmers Insurance of Columbus, Inc. ("Farmers") appeals the trial court's denying its motion for summary judgment and granting Sue Lowe's ("Sue") motion for summary judgment and declaratory judgment in this personal injury case involving the scope of uninsured/underinsured motorists ("UIM") coverage. Farmers assigns the following error for our review:

> I.   Whether the trial court erred in denying Farmers Insurance of Columbus, Inc.'s motion for summary judgment and granting summary judgment in plaintiff's favor after determining that she qualified for UIM coverage under her son's automobile policy when the undisputed evidence showed that he was temporarily living in her home when she was injured.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's denying Farmers' motion for summary judgment and reverse the court's granting summary and declaratory judgment in favor of Sue. The apposite facts follow.

**{¶3}** On June 14, 2015, William Lowe ("William"), his wife Heather, and their two children moved into William's mother Sue's house located at 1591 St. Charles Avenue in Lakewood, while William and his family awaited construction of their new home. According to Sue, she told William that he and his family could live with her while their new house was being built. On July 23, 2015, Sue was hit by a car while she was walking across Warren Road in Lakewood. Sue sustained injuries resulting in medical bills over $250,000.

**{¶4}** In February 2016, Sue filed a complaint alleging negligence against Grange Indemnity Insurance Company, who insures the tortfeasor; UIM coverage against State Farm Mutual Automobile Insurance Company, who insures Sue; and UIM coverage

against Farmers, who insures William.[1]  Sue eventually settled with Grange and State Farm for policy limits.

{¶5}  On February 2, 2017, the court denied Farmers' motion for summary judgment and granted Sue's motion for summary judgment and declaratory judgment, concluding as follows:

> William Lowe is Farmers' named insured.  Plaintiff Sue Lowe is his mother. There is no genuine issue of material fact, on the evidentiary record in this case, about where William Lowe's household was as of July 23, 2015: 1591 St. Charles, Lakewood.  That address was also Sue Lowe's household, thus Sue Lowe is covered under William Lowe's UM/UIM coverage with Farmers as a family member residing in his household.

{¶6}  Additionally, on February 13, 2017, the court entered a stipulated damages award in favor of Sue and against Farmers in the amount of $150,000.

{¶7}  It is from these orders that Farmers appeals.

## Standard of Review
## Summary Judgment and Declaratory Judgment

{¶8}  Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3)

---

[1]The named insureds under the Farmers' automobile insurance policy at issue are William Lowe and Heather Lowe, and the listed household drivers are William Lowe, Heather Lowe, and William's brother Daniel Lowe.

reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

**{¶9}** We review declaratory judgment actions under an abuse of discretion standard. *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 12-14.

**{¶10}** Generally, "[t]he interpretation of an insurance contract involves a question of law to be decided by a judge." *Leber v. Smith*, 70 Ohio St.3d 548, 553, 639 N.E.2d 1159 (1994). However, under R.C. 2721.10, "[w]hen an action or proceeding in which declaratory relief is sought under this chapter involves the determination of an issue of fact, that issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the action or proceeding is pending." Furthermore, "words and phrases used in an insurance policy must be given their natural and commonly accepted meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined." *Gomolka v. State Auto Mut. Ins. Co.*, 70 Ohio St.2d 166, 167-168, 436 N.E.2d 1347 (1982).

## The Farmers Policy at Issue

**{¶11}** William's policy states that, for the purposes of UIM coverage, an "insured person means: You or a family member." Under the policy, "you" and "your" mean the

named insured(s), which in this case are William and his wife, Heather. "Family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household * * *." It is undisputed that Sue and William are related by blood, but the question remains whether Sue was a resident of William's household. The words "resident" and "household" are not defined in the Farmers' policy at issue.

{¶12} The Ohio Supreme Court adopted an ordinary meaning of the word "household" in *Shear v. W. Am. Ins. Co.*, 11 Ohio St.3d 162, 166, 464 N.E.2d 545 (1984): "those who dwell under the same roof and compose a family; * * * a social unit comprised of those living together in the same dwelling place * * *." In *Shear*, a father and an adult son were found to be members of the same household under the following facts: the two lived together since the son's birth, they each held separate jobs, had separate cars and separate insurance policies, and the father was the exclusive owner of the house. *Id.* "There is no evidence in the record * * * that this arrangement was temporary in nature." *Id*.

{¶13} Additionally, Ohio courts have approved the following definition of "resident of your household": "one who lives in the home of the named insured for a period of some duration or regularity, although not necessarily there permanently, but excludes a temporary or transient visitor." *Farmers Ins. of Columbus, Inc. v. Taylor*, 39 Ohio App.3d 86, 70, 528 N.E.2d 968 (10th Dist.1987).

{¶14} Factors to consider in determining whether a person is a "resident" in an insured's household include "the amount of time the person spends at the household, the

person's age, the person's intent, and whether the insured is 'legally obligated' to the person." *Wood v. McQueen*, 8th Dist. Cuyahoga No. 68472, 1995 Ohio App. LEXIS 4071 (Sept. 21, 1995). In *Wood*, this court found that summary judgment was improperly granted to the insurance company when "a genuine issue of material fact exist[ed] concerning whether McQueen was still a 'resident' of his mother's household at the time of the accident."

{¶15} In *Am. States Ins. Co. v. Guillermin*, 108 Ohio App.3d 547, 554, 671 N.E.2d 317 (2d Dist.1995), the court held that "[a]lthough courts will consider other factors when determining whether an individual is a resident of the insured's household, including mail delivery and storage of belongings, and the layout and use of the residential dwelling, the primary consideration is the nontemporary nature or regularity of the living arrangements." *See also Napier v. Banks*, 19 Ohio App.2d 152, 156, 250 N.E.2d 417 (12th Dist.1969) (an adult daughter moved back into her parents' home while she was looking for an apartment and was involved in an automobile accident one month later; the court found that two separate "households" were living in one home and that the "temporary nature of the arrangement * * * militate[s] against a finding that there was [a] merger of the two families * * *").

{¶16} The facts of the case at hand are unique. Most cases addressing this issue analyze whether the person seeking coverage is a permanent or temporary resident of the insured's dwelling. In other words, as applicable to the case before us, whether William was a member of Sue's household while he was living in her house. However, here, the

question is whether Sue was a member of William's household while he was living in her house.

{¶17} In *Motorists Mut. Ins. Co. v. Henderson*, 8th Dist. Cuyahoga No. 85557, 2005-Ohio-5148, ¶ 22, this court held that "the issue of whether a person is a 'resident' for insurance coverage purposes is a question of fact to be determined by the fact finder." In *Henderson*, a young child drowned at his father and paternal grandparents' home. *Id.* at ¶ 2. The trial court denied summary judgment motions filed by the child's mother and the paternal grandparents' insurance carrier, "finding a genuine issue of fact existed as to whether [the child] was a resident of the [grandparents'] household * * *." *Id.* at ¶ 5.

{¶18} This court affirmed the trial court's decision to deny summary judgment because a genuine issue of material fact existed. "While the construction of an insurance contract is, in the first instance, a matter of law for the court to determine, juries are allowed to decide factual matters to determine whether a policy provides coverage." *Id.* at ¶ 20.

**Deposition Testimony in the Case at Hand**

**Sue's Testimony**

{¶19} Sue confirmed that William and his family moved into her house on St. Charles Avenue in Lakewood while their new house was being built. Sue did not charge William rent, William did not "make any financial payments" to Sue while he was living there, the property was titled in Sue's name only, all the utilities remained in Sue's name,

and Sue did not call her insurance company, State Farm, to inform anyone that William was living with her.

**William's Testimony**

{¶20} William testified that his Farmers' policy that was in effect on the date of Sue's accident listed his address as 37868 Pebble Lake Trail in North Ridgeville, which was the house he sold prior to moving in with Sue. When William moved into Sue's house, he put his furniture in storage on a month-to-month agreement with the storage company. William did not recall informing Farmers that he was moving in with Sue, and William testified that he was not "interested in" discussing renter's insurance with his agent. On June 12, 2015, William's wife "put a change of address in with the post office" to have their "mail forwarded to the St. Charles address from the Pebble Lake Trail address."

{¶21} According to William, he did not pay any money "that was officially designated towards household expenses," although he "would bring food home." Additionally, William did not pay taxes to the city of Lakewood while he was living there nor did he claim Sue as a dependent on his tax return. Furthermore, William has no ownership interest in the St. Charles property. Asked if his living arrangement with Sue was temporary, William testified, "It was intended to be temporary, but we had no guarantee of when we would be leaving."

{¶22} William further testified that on August 12, 2015, after Sue's accident, he contacted Farmers to get a "reprint" of his insurance policy, and it was at this time that his

address was changed to 1591 St. Charles Avenue in Lakewood. Asked why he waited until after Sue's accident, William testified, "Changing the address on the auto policy was an oversight." William and his family moved into their new house near the end of September 2015.

**Farmers' Agent's Testimony**

{¶23} Jim Kollman ("Kollman") testified that he is a Farmers' agent and he sold William the automobile insurance policy at issue in this case. According to Kollman, in June 2015, William discussed the sale of his Pebble Lake Trail home with him. "[William] stated that he would be moving out of his home and into his mother's home in Lakewood temporarily until their new home is finished." Asked if anything needed to be done with William's insurance as a result of his temporary move into Sue's house, Kollman replied, "No." Asked why nothing needed to be done, Kollman testified, "Because it was a temporary, very temporary situation."

{¶24} Upon review, we find that the reasoning in *Wood,* 8th Dist. Cuyahoga No. 68472, 1995 Ohio App. LEXIS 4071, and *Henderson,* 8th Dist. Cuyahoga No. 85557, 2005-Ohio-5148, applies to the case at hand. There is an issue of fact as to whether Sue was residing in William's household, and thus covered by his insurance, when she was struck by a car. Although the trial court concluded that there was no issue of fact about where William's household was on the date in question, we find issues of fact regarding whether William's stay in Sue's house was permanent or temporary and whether Sue was a resident of William's household during his stay in her home.

**{¶25}** There is inconsistent testimony about whether William reported a change of address to Farmers prior to Sue's injuries, which goes toward William's intent. *See Wood.* Furthermore, William and Kollman testified that William's stay at Sue's house was temporary, which is the "primary consideration" in determining residency of a household for insurance coverage purposes.

**{¶26}** Accordingly, we find that the trial court erred in granting Sue's summary judgment motion and the court abused its discretion in granting Sue's declaratory judgment motion. However, we find no error in the court's denial of Farmers' summary judgment motion. Farmers' sole assigned error is overruled in part and sustained in part.

**{¶27}** Judgment in favor of Sue is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion. It is ordered that each party bear their own costs.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, A.J., and

MARY J. BOYLE, J., CONCUR